ASA B. HOCKENBURY, IMPLEADED WITH ASA JONES AND JOHN S. HOCKENBURY, ADS. SARAH MEYERS.

1. An agreement made between the payee of a promissory note and a third party, that such third party would become surety on the note

and sign his name to it in consideration that the payee would forbear to sue upon the note, is a valid agreement, and may be enforced, no question being raised as to the statute of frauds.

2. Such an agreement may be either express or it may be inferred from the facts and circumstances of the case.

In case.

On the trial of this cause at the Hunterdon Circuit, a verdict was taken for the plaintiff, subject to certain points reserved to be heard at bar. These points are clearly presented in the opinion of the court, and were argued in the presence of BEASLEY, CHIEF JUSTICE, and WOODHULL, SCUDDER, and BEDLE, Justices.

For plaintiff, *G. A. Allen.*

For defendant, *A. V. Van Fleet.*

BEDLE, J. The plaintiff held a joint and several promissory note, dated April 14th, 1864, made by Asa Jones and John S. Hockenbury, in the sum of $1,000, payable to the plaintiff or order on the 1st day of April next ensuing, with interest at five per cent., for value received. The note being past due, the plaintiff threatened prosecution unless security was given. John S. Hockenbury, one of the makers, thereupon wrote a letter, September 7th, 1866, to Asa B. Hockenbury, his brother, requesting him to go security upon it. This letter was delivered by the agent of the plaintiff, who then informed the defendant that if Mrs. Meyers did not get security on the note, she was going to prosecute on it. The result was, the defendant (Asa B.,) signed the note on its face, underneath the names of the original makers. This was done in September, 1866, and the suit was commenced November, A. D. 1868. The interest was paid up to April 14th, 1868. Two defences were raised on the trial—one whether the signature of the surety had been procured by fraud, the other, whether there was a sufficient consideration

shown to hold the defendant, Asa B. Hockenbury. By agreement of counsel, the former question was left to the jury, who found for the plaintiff, and the latter was to be argued at the bar of this court; and if the court should be of opinion that there was not a sufficient consideration shown to hold him liable, that it should be considered that a verdict had been rendered for the defendant, and the *postea* be signed and judgment entered accordingly. No question is raised in regard to the statute of frauds. The simple question before us is, was there a sufficient consideration shown? The natural and fair result of the proof, circumstantial and direct, is that the defendant signed the note as surety in consideration of forbearance to sue upon it, and that such was the agreement between the defendant and the plaintiff, by her agent. Such an agreement may be either express or inferred from the facts and circumstances of the case.

It is well settled that an agreement for forbearance to sue a valid claim against another, is a good consideration; the difficulty in the cases being only as to the extent or character of forbearance that is sufficient. An agreement to forbear perpetually, or for a reasonable time, or for a certain time, is good. The text books need only be referred to for that doctrine. 1 *Parsons on Contracts* 367; 1 *Parsons on Bills* 198; 1 *Story on Contracts*, § 435.

It was held in the case of *Lutwich* v. *Hussey, Croke Eliz.* 19, that an agreement to forbear for a little time is not sufficient, but it is evident that the reason was, because the agreement being in terms for such an uncertain and inconsiderable time, a delay of any fraction of an hour would perform it, and the benefit of the delay be too trifling to regard as a consideration. The language of the case is: "And it was alleged in arrest of judgment that there was no consideration of the promise, for it is not said for how long he should forbear; for if he did forbear for a quarter of an hour or less, he hath performed the words *quod panlulum cessaret*, and although the plaintiff doth allege he did forbear for half

a year, this will not help his case." It is quite apparent from this citation that the difficulty in the mind of the court was in the inconsiderable nature of the *agreement*—it being for what might be a fraction of an hour, and which would be answered by a performance to that extent. The doctrine of *de minimis* probably influenced the court, and that was likely the ground of the decision as may be judged of by the case of *Talson* v. *Clerk, Croke Car.* 438, wherein it is said "that *aliquo tempore*" is so short a time that it is no consideration, no more than "*per paullulum tempus.*" In these days of commercial activity and haste, when the delay of a day or an hour in the collection or prosecution of a claim may be of great importance, it might well be questioned whether even indefinite agreement for delay, like the one in *Croke Eliz.* 19, should be regarded insufficient as a consideration for a contract of suretyship when followed by a substantial delay. That case is not without great question, for afterwards, in the reign of Charles I., *Cooks* v. *Douze, Croke Car.* 241, the doctrine was held otherwise. It is, however, not unfrequently referred to as law, and I mention it only to extract the principle upon which it was founded, to show that the case before us is not within it. And the reason is this : this agreement is not for a little time in terms. Were it so, if that case were law, it might be said that the time that would answer its terms would be too short for a valid consideration. The agreement is general and indefinite in terms as to time, and, therefore, not hampered by an inconsiderable consideration, by positive contract. Where the agreement is general the disposition of the courts, as may be seen by an examination of the cases, has been to hold the forbearance as perpetual to the original debtors. This has been with the object of giving unquestioned validity to the consideration, and where the transaction will admit of it, such has been the general ruling. *Lonsdale* v. *Brown,* 4 *Wash. C. C.* 148 ; *Story on Contracts,* § 435 ; 1 *Parsons on Contracts* 368.

But that rule ought not to be *applied* where a different

intention is manifested. In this case, the defendant having signed the note as a joint and several maker with the original makers, it is fair to suppose that it could not have been intended that *they* should be discharged from liability to the holder, and the defendant alone held. The case, therefore, stands thus : the consideration was not for a perpetual forbearance to the original debtors, nor for a little or short time in terms. For the latter reason it is not obnoxious to the charge of having a trifling consideration, equivalent to no consideration in substance. Can this agreement, then, be regarded in law as one for a reasonable time of forbearance ? This transaction should have validity if consistent with the law and the facts. There was no fraud ; the jury so found. As a fact the defendant expected and impliedly requested delay on the note. Forbearance of day of payment is a well recognized substantive consideration. The forbearance was granted by the plaintiff, and continued for such a length of time as that there can be no question of its reasonableness. Now, under these circumstances, where it was the evident intention of the defendant to become surety in order to have the forbearance, and he has actually received it to the benefit of the original makers, there would be great injustice in allowing him to escape liability. There is some embarrassment in reconciling all the cases upon this subject, but it seems to me, that if we regard forbearance as a valid consideration, and it is extended in pursuance of a promise to pay upon condition of its being granted, and that where the time is general, but not intended to be perpetual, (for if perpetual to the original debtor, it would unquestionably be good,) that the law will imply that it was intended by the parties, that the forbearance should be for a reasonable time, and when granted for such time as the court may deem reasonable, that it makes a case of executed consideration, which, if there is no objection by reason of the statute of frauds, should hold the defendant. That appears to be what would result from the general principles of the law, and can be sustained by the following references : *Story on Contracts*, § 435, and cases

in note; *Barnhurst* v. *Cabbot*, *Hard.* 5; *Mapes* v. *Sidney*, *Croke Jac.* 683; *Cooks* v. *Douze*, *Croke Car.* 241; 23 *Vermont* 231; *King* v. *Upton*, 4 *Greenleaf* 387; 1 *Parsons on Contracts* 367–8.

A contrary doctrine was held in *Semple* v. *Pink*, 1 *Excheq.* 74, but the case was decided in a very summary way and apparently without much · consideration. The note of the editor to the case justly criticises it, and the early *Exchequer Case*, *Hardres* 5, contains the better doctrine. The implication of a reasonable time under the circumstances indicated, is in accordance with what would naturally be expected by the parties.

But it is further objected, that inasmuch as the note on its face by legal effect is collectible on demand, the same having been past due when it was signed by the defendant, the plaintiff was under no legal obligation to wait a reasonable time, and for that reason there was no consideration. Had the defendant not signed the note, no question could have arisen of the binding force of an agreement for further time between the holder and the makers or on their behalf, made after the giving of the note; and this is so, notwithstanding if the note is past due, it may, by force of the law, be payable immediately. Parol evidence of an agreement for a different time cotemporaneous with the making of the note, is excluded on the ground that it varies the terms of the note; but a note past due is not liable to that objection. Regarding this as an implied agreement for time, it would entitle the original makers to the benefit of it.

Does, then, the fact that the agreement is made at the time the defendant signs a past due note to create his liability, operate to discharge him and prevent forbearance to the original makers, for if he is discharged, the original makers would be liable to immediate suit? I think not. The defendant signs the note and assumes the same form of liability as the other makers, and it no more varies the face of the note to show the agreement for time as to the defendant, than it does as to the other makers. The form of liability

is an entirety, and the fact that the legal obligation to pay immediately, because the note is past due, may be shown to be different as to the original makers, would make it a necessity that the same rule should apply to the other. It results from the peculiar mode by which the defendant's liability is created. Under these views the defendant, if sued before a reasonable time, could have set up that a reasonable time had not yet elapsed, or in other words, that there was a failure of consideration. But I do not regard it as necessary that the plaintiff should have been bound to wait. The promise of the defendant could be considered as conditioned upon actual forbearance, and when the condition was executed the promise be enforced. Contracts on condition, not binding on the plaintiff before performance, may, when executed, be a good consideration if performed at the request of the defendant, and such contracts are well understood in the law. 1 *Parsons on Contracts* 375, and notes. Reference may also to be made to two cases which establish the same principle on questions nearly analogous to this. *Clark* v. *Russel*, 3 *Watts* 217; *Wheeler* v. *Slocumb*, 16 *Pick.* 52.

The result is, that there was a sufficient consideration legally shown to hold the defendant, and the plaintiff is entitled to judgment on the verdict.