## Clark *against* Russel.

By a forbearance in general, without adding any particular time, is to be understood a total forbearance. And he who promises to pay the debt of another, in consideration of such forbearance, is not liable to pay it if the original debtor has been sued.

ERROR to the common pleas of *Crawford* county.

This was an action on the case by William Russel against William Clark. The substance of the plaintiff's declaration was as follows.

" That whereas a certain John and Joseph Patterson, before and at the time of the making of the promise and undertaking of the said defendant hereinafter mentioned, were indebted to the said plaintiff on a certain obligation or written agreement sealed with their seals, and dated the 26th of April 1814, by which they or either of them promised to pay to W. Russel or order the sum of 1209 dollars 50 cents, in sixteen months after date, with lawful interest after the 1st of January 1815; and thereupon, heretofore, to wit, the 10th of November 1818, at the county aforesaid, by his certain written agreement or assumption, in consideration of the premises, and that the plaintiff would extend as much indulgence as he could for the payment of the said obligation, he, the said defendant, undertook, and then and there promised the plaintiff, to pay him the said sum of money as soon as circumstances would reasonably admit. And he, the said plaintiff, avers, that confiding in the said promise and undertaking of the defendant, did extend as much indulgence as he could for the payment of the money, to wit, until the 7th of August 1830, and until there was reason to believe that further indulgence would endanger the recovery of the money, whereof the said defendant afterward, to wit, on the day and year aforesaid, at the county aforesaid had notice, and thereby according to the tenor and effect of his said promise and undertaking, he, the said defendant, became liable to pay the said money in the said obligation mentioned, on the day and year aforesaid, at the county aforesaid.

"And whereas, also, afterwards, to wit, on the 19th of September 1826, at, &c. the said John and Joseph Patterson were indebted to the said plaintiff on a certain other obligation sealed with their seals, and dated the 26th of April 1814, by which they or either of them promised to pay to W. Russel or order, the sum of 1209 dollars 50 cents, sixteen months after date, with lawful interest after the 1st of January 1815; and thereupon, heretofore, to wit, the 19th of September aforesaid, at, &c. in consideration of the premises, and that the plaintiff (at the special instance and request of the defendant) had and would forbear, give time and extend indulgence for the pay-

[Clark v. Russel.]

ment of the said obligation, he, the said defendant, undertook, and then and there faithfully promised that he would pay the said sum of money when he should be thereunto afterwards requested : and the said plaintiff avers, that confiding in the said promises and undertaking, he did forbear and give time, and extend indulgence for the payment of the said money until the said 7th of August 1830, and until he had reason to believe that further indulgence would endanger its recovery, whereof the said defendant, on, &c. had notice; and thereby, according to the tenor and effect of said promise and undertaking, the said defendant became liable to pay the said sum of money on the day and year aforesaid, at, &c. : and being so liable, he, the said defendant, in consideration thereof, undertook, and then and there faithfully promised the said plaintiff to pay him money according to the tenor and effect of his said several promises : nevertheless," &c.

Pleas : *Non assumpsit. Non assumpsit infra sex annos.*

On the trial of the cause, the plaintiff gave in evidence as follows, viz.

1. The note under seal of John and Joseph Patterson to W. Russel, dated Detroit, 26th of April 1814, for the payment of 1209 dollars 50 cents, in sixteen months.

2. The letter of defendant to plaintiff, on which the present suit is founded, and is as follows.

"November 10, 1818. Dear Sir : John Patterson and myself have purchased out Joseph Patterson's interest in the tanyard, and have undertaken to pay you the amount of the obligation you hold on John and Joseph Patterson. As much indulgence as you can possibly extend to us will be gratefully acknowledged. I have entered into this business with a view of accommodating the Mr Pattersons, and my sole object in addressing you with these lines is, that you may consider them obligatory on me for the payment of the money, which shall be done as soon as circumstances will reasonably admit.

"I am, &c.

"WILLIAM CLARK."

3. The record in common pleas, Crawford county, Russel against Joseph Patterson, No. 46, August 1830. Suit on the bond of John and Joseph Patterson to Russel, and judgment by confession.

4. Record common pleas, Crawford county, No. 137, April 1830, Russel against John Patterson, and judgment on the bond or note mentioned, 4th December 1830, for 322 dollars 75 cents.

*Fieri facias* on this judgment to April 1831, and returned by direction of plaintiff's attorney.

The defendant, by his counsel, requested the court to charge the jury on the following points, viz.

1. That the letter of defendant dated the 10th of November 1818, is not a request to forbear to sue John and Joseph Patterson, as stated in plaintiff's *narr.*, but an assumption on the part of Clark to pay the

[Clark v. Russel.]

debt, and a request to forbear to sue him, and therefore does not support plaintiff's *narr.*

2. That, if it is a request to forbear to sue Pattersons, it is for a general forbearance, and plaintiff having sued Pattersons since, defendant is discharged from his promise.

3. That, in this case, the statute of limitations is a bar to the plaintiff's claim, as he did not bring suit in a reasonable time: and that after the present lapse of time, the law presumes the debt paid and satisfied: and that the plaintiff has ceased to hold the defendant for the same, and the whole business has been arranged and settled between Clark and Pattersons, and that plaintiff has agreed to look to his bond only.

4. That if plaintiff intended to resort against defendant on his assumption, he should have done so in a reasonable time: and that having waited for twelve years, during which time he says nothing to defendant, but proceeds against the Pattersons, as set forth in the evidence, he is now barred by the statute of limitations.

Charge by the court.

" 1. The letter from defendant to plaintiff, dated the 10th of November 1818 does, in the strongest terms, show that he has undertaken and promised to pay to Russel the bond of John and Joseph Patterson ; and he, at the same time, requests as much indulgence as Russel could possibly give. Now as Mr Clarke mentions expressly that he and John Patterson had bought out Joseph Patterson's interest in the tanyard, and had undertaken to pay to Russel the bond of John and Joseph Patterson, when he requests indulgence and forbearance, it is virtually and in effect a request of forbearance as to suing that bond ; for if Joseph Patterson was instantly pressed on that bond by Russel, the necessary result would be that Clark, who had undertaken to pay it as his debt, would also be pressed. As the evidence shows you that the plaintiff has granted the very indulgence which the defendant by his letter requests, we consider that he is bound, according to his letter " obligatory," to pay the bond : and therefore do not charge as requested in the first and second points.

" 2. The next question is as to the statute of limitations, in answer to the third and fourth points. If the defendant had requested indulgence for a short time, the great delay beyond six years might have been a bar: but his request is for " as much indulgence as you can possibly extend ;" and this not merely on a guarantee of a debt as surety for another person, but for a debt which the letter acknowledges he had assumed as his own, having purchased the tanyard. And it having been proven that the indulgence was granted so long as John and Joseph Patterson were considered in good circumstances, and that they were not sued until they were falling into doubtful circumstances, we consider that the statute of limitations does not apply, and is not a bar to plaintiff's recovery."

The opinion of the court was the subject of the errors assigned.

[Clark v. Russel.]

*Derrickson,* for plaintiff in error.

*Riddle,* for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—The proposed forbearance was evidently to be perpetual as to the obligors, the indulgence spoken of being referable to those who were to pay the debt. The defendant reciting that he and John Patterson had undertaken to pay the obligation of John and Joseph Patterson, requests indulgence; and for whom? Not for the obligors; but, as is apparent from the use of the word "us," for John and himself, who had agreed with Joseph to substitute their joint responsibility for the joint and several responsibility of the obligors. It is undoubted that had the plaintiff pressed his original security, Joseph might have been compelled to press the agreement of the defendant and John; and that the defendant might thus have been affected indirectly. Had he indeed proposed to contract but an indirect responsibility, it might have been intended that the indulgence sought as a consequence was to follow the nature of it. But he proposed positively and directly to pay the debt as soon as circumstances would permit; and in the absence of an intimation bearing the other way, it is reasonable to infer that the indulgence was meant to correspond with the liability proposed as the consideration of it. The responsibility proposed therefore being direct, the indulgence was also to be direct. But not only was indulgence to be extended to the new contractors, but also forbearance to the original obligors as necessary to carry out all the parts of the arrangement. It was for the benefit of the latter that the defendant had come into the transaction; and they could be benefited as obligors but by going out of it at least for a time. But this implied condition of forbearance being general, is also perpetual; as was determined in Haymaker *v.* Eberly, 2 *Binn.* 510, where it is said, that a promise to forbear in general, without adding any particular time, is to be understood a total forbearance. The plaintiff then could accept the defendant's proposal but on the conditions expressed or implied in it; and having violated one of these by recurring to the Messrs Pattersons on the original security, he has failed to perform the consideration of the defendant's promise, and cannot maintain an action on it.

The decision might be rested at this point; but a principal exception below, and therefore necessary to be decided here, is, that taking the defendant's proposal of forbearance to be such as the judge assumed it to be, yet it does not appear to have been accepted; for the plaintiff certainly cannot reserve himself for events and choose his time to pursue the principal or the guarantee, as the solvency of the one or the other may dictate. There must be a *bona fide* forbearance at the defendant's instance and request. The only case which might be thought to conflict with this, is Yard *v.* Eland, 1 *Lord Raym.* 368, in which an exception was taken to the declaration, " that it is not averred that when the defendant desired a day of payment the plain-

[Clark v. Russel.]

tiff consented to give it him; but it is only said *quod, assumptioni fidem adhibens,* he forbore, so that the defendant might remain in fear all the time, and the consideration then fails. But to this it was answered by the court, that "it is averred the plaintiff forbore, &c. which is sufficient consent." But it is to be remarked that this was said on an exception to the declaration, and it amounts to no more than that for purposes of pleading; performance *fidem adhibens assumptioni* is equivalent to performance at the defendant's instance and request; for no one would pretend that forbearance induced by any other cause would charge him. The court never meant to say that. In fact the words literally import that the act was done on the credit of the defendant's assumption, which is but another form of saying it was done at his instance. On the other hand it is not essential that the plaintiff should have *bound* himself to forbear or stay proceedings on the original security so as to give an action for a breach of promise. Such an agreement would undoubtedly be a valid consideration, and might be so laid, according to the precedents in cases of mutual promises which are reciprocally the consideration of each other, and which must therefore be simultaneous, concurrent and equally obligatory: but where the consideration is not promise for promise, less than a positive engagement to do an act which, *when done,* is to be the meritorious cause of the promise, may be a sufficient consideration for it. A positive act is more evincive of the distinction than a negative one. If I promise my neighbour to compensate him if he will do a specific act of service for me, and he does it in consequence, he may maintain an action though he had not bound himself to do it. The consideration of such a promise belongs to the class called executory, the promise itself being in its nature conditional. But what if the defendant should desist, having performed the act in part? He would forfeit his interest in the promise; neither could he recover a *quantum meruit;* and the parties would be where they began. But the promissor may have sustained damage or at least disappointment by the other's default. He undoubtedly may; but it is his folly not to guard against it by exacting a mutual engagement instead of making a conditional one, which leaves the party employed to earn the promised reward or not at his pleasure. Now the condition of forbearance belongs to the executory class, being usually so stated in the precedents; and it differs in no particular from the instance put, except that the act is of a negative instead of an affirmative nature; and it is this negative nature, rendering as it does the motive of the act equivocal, that induces the mind to hesitate. It might be supposed, from an expression of the judge who delivered the judgment in Bixler *v.* Ream, 3 *Penns. Rep.* 285, that a positive engagement to forbear was thought indispensable in all cases; but it is intimated in the succeeding sentences that actual forbearance at the instance of the defendant may also be sufficient, on the principle that a single spark of benefit received on the foot of the promise is a valid consideration. But in the actual state of our law on the sub-

III.—CC

[Clark v. Russel.]

ject, being without that part of the statute of frauds which is inter-
posed for the protection of third persons elsewhere, policy dictates, in
the absence of such an agreement, that clear and satisfactory proof
be exacted that the request was in fact the exciting cause.   The
question then is, whether it sufficiently appeared in the case on hand
that the plaintiff had forborne at the defendant's instance, in order to
warrant the direction, and verdict produced by it.   The evidence
consisted of the defendant's letter of request; the original obligation
with separate recoveries on it; and parol proof that the obligors had
continued to be in good credit till the suits were brought.   There
were no extrinsic circumstances to show that the plaintiff's forbear-
ance had not been merely voluntary; and there is nothing in the
nature of the act itself to indicate the motive for it.   Positive acts,
as already said, are less equivocal, and usually exhibit the exciting
cause of their performance, as in the case of delivery pursuant to a
sale of goods; but negative acts, unconnected with circumstances of
explanation, and more particularly acts of forbearance, are referable
to no particular cause: and such is their legitimate effect after the
reception of a proposal not responded to, as was the case here, by
word, deed, or sensible change of action.   Who can say that the
plaintiff would have pressed the Messrs Patterson at an earlier day
if no overture for indulgence had been made?  ·To avail himself of
a proposal received without reply, he ought to have shown a discon-
tinuance of measures demonstrative of an immediate resort to com-
pulsion; or at the very least, that he had continued to forbear while
the obligors were notoriously in failing circumstances.   Of all such
circumstances, the case was destitute; and even if there had been
evidence to raise the question of assent to the defendant's proposal,
it ought to have been left to the jury as an open one, instead of the
positive instruction given that the defendant was bound to pay the
bond according to the terms of his letter.

    Judgment reversed.