# Henry Saalfield, Assignee, Appellant, *v.* Patrick Manrow.

*Mortgage—Consideration—Burden of proof—Evidence.*

An illegal consideration, or the failure of a lawful one, may constitute a defence to a mortgage, but the burden is on the mortgagor, who alleges either, to establish it by competent evidence.

*Mortgage to secure debt of another—Extension of time of payment—Consideration.*

Where a mortgage is given to secure payment of the debt of a person other than the mortgagor, and the mortgagee agrees to extend the time for the payment of the debt, such agreement will constitute a sufficient consideration for the mortgage and the note secured by it.

Argued April 30, 1894.   Appeal, No. 127, Jan. T., 1894, by plaintiff, from judgment of C. P. McKean Co., Dec. T., 1891, No. 270, on verdict for defendant.   Before Sterrett, C. J., Green, McCollum, Mitchell and Dean, JJ.   Reversed.

Scire facias sur mortgage.   Before Morrison, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was above instructions.

*Edward McSweeney, H. McSweeney* with him, for appellant.— The note and mortgage in suit were founded on a good and sufficient consideration for the following reasons :

The note and mortgage were executed at the request of and in the presence of James Manrow, and for his benefit: 1 Chit. Pl. 361; Popple v. Day, 123 Mass. 520; York v. Pearson, 63 Me. 587; Andrews v. Marrett, 58 Me. 539.

The giving and acceptance of the note under the circumstances, if it was not a payment of the indebtedness of James Manrow, at least suspended the right of action against James Manrow until after the maturity of the note and mortgage : York v. Pearson, 63 Me. 587; Dan. Neg. Inst. § 185, 1272; Thompson v. Gray, 63 Me. 228; Robbins v. Brooks, 42 Mich. 62; Parsons, Notes and Bills, 195; Yateman v. Madison, 59

Ala. 382; 18 A. & E. Ency. of Law, 177; 2 Randolph, Com. Paper, §§ 466, 690; Holmes v. Briggs, 131 Pa. 240; Price v. Wilson, 2 Del. Co. R. 161.

The seal imports a sufficient consideration: 2 B. & Ald. 551; Farnum v. Burnett, 21 N. J. Eq. 87; Savings Ass'n v. Bullard, 1 Del. Co. R. 122.

The note and mortgage were given to settle the amount of James Manrow's defalcation and prevent his arrest and prosecution for embezzlement: Act of March 31, 1860, P. L. 432; Greier v. Shade, 109 Pa. 180; Rothermal v. Hughes, 134 Pa. 510; Mansfield v. Corbin, 2 Cush. 151; Walbridge v. Arnold, 21 Conn. 432; Merrill v. Fleming, 42 Ala. 24; Clark v. Ricker, 14 N. H. 44; Williams v. Dreshler, 14 W. N. 211.

In consequence of the giving of the note and mortgage James Manrow was not in fact prosecuted for his offence, and no effort was made to collect from him personally: Mansfield v. Corbin, 2 Cush. 151; Forster v. Fuller, 6 Mass. 58; Poplewell v. Wilson, 1 Str. 264; Kuntz v. Ingraham, 4 D. & Sm. 211; Burkitt v. Ransom, 2 Collyer, 395; Mascolo v. Montesanto, 23 Atl. R. 714; Van Gorder v. Freehold Bank, 7 Atl. R. 144.

The doctrine of Conmey v. Mcfarlane, 97 Pa. 361, which controlled the lower court, does not apply to the case which we are now considering: Riddle v. Hall, 99 Pa. 116.

The alleged collateral agreement to furnish James Manrow employment, if material, was for the jury and not for the court: Davis v. Barr, 9 S. & R. 137; Com. v. Pittsburg, 34 Pa. 520; McMasters v. Wilhelm, 85 Pa. 218; Skinner v. Hendrick, 1 Root, 253; Payne v. McIntier, 1 Mass. 69; Townsend v. Weld, 8 Mass. 146; Fulton v. Hood, 34 Pa. 365.

*R. B. Stone*, for appellee.—An agreement in consideration of stifling or compounding a criminal prosecution or proceedings for a felony is absolutely void: Swope v. Ins. Co., 93 Pa. 251; Riddle v. Hall, 99 Pa. 120; Bank v. Kirk, 90 Pa. 49; Geier v. Shade, 109 Pa. 183; Pearce v. Wilson, 111 Pa. 24.

The relationship of father to son does not dispense with the requisite consideration: Bixler v. Ream, 3 P. & W. 285.

It cannot be contended that there was any express lawful consideration for the note and mortgage, and any such inference is in the face of the testimony. But it is urged that a failure

to sue is a sufficient consideration.  Such has not been the rule in Pennsylvania : Spackman v. Ott, 65 Pa. 135 ; Conmey v. McFarlane, 97 Pa. 361 ; Wilson v. Wilson, 2 Pitts. R. 205.

Illegality of consideration is never protected by a seal : Whart. Cont. § 495 ; 21 A. & E. Ency. of L. 899.

*Edward McSweeney, H. McSweeney* with him, in reply :—The moneys converted by James Manrow not being the property of his employer, he could not have been convicted of a felony under act of March 31, 1860, § 107, P. L. 432 : Report on Cr. Code, 29 ; Act March 31, 1860, §§ 28, 116, P. L. 433 ; Rex v. Freeman, 5 Car. & P. 534 ; Brady v. State, (Tex.) 1 S. W. R. 462 ; Livingston v. State, 16 Tex. Ap. 652 ; Webb v. State, 8 Tex. 310 ; Com. v. Hill, 2 Pears. 440 ; Brewer v. State, 3 Am. R. 693.

To avoid a contract on the ground that it was made to compound a felony, it must be shown that there was an agreement not to prosecute ; threats are not sufficient : Swope v. Ins. Co., 93 Pa. 251.

Defendant was under no duress : Phillips v. Henry, 160 Pa. 24.

OPINION BY MR. JUSTICE McCOLLUM, Jan. 7, 1895 :

James Manrow was a clerk in the law office of McSweeney & Byles who were the agents of Baker & Whitehead for the collection of their rents.  Manrow, acting for McSweeney & Byles, collected these rents and appropriated $780.13 of the same to his own use.  When the embezzlement was discovered he admitted it and called upon his father, the defendant in this case, and said to him "that he had got into trouble in the office about some money matters, and wanted him to go down and see what he could do about it."  The defendant complied with his son's request, and his visit to the office resulted in his giving his note to Baker & Whitehead for the sum embezzled, and his mortgage to secure the same.  The note and mortgage were assigned by the payees and mortgagees to the First National Bank of Bradford, which assigned them to the plaintiff.

The defendant alleges that he was induced to give the bond and mortgage by a promise which was not kept, and by a threat to arrest and imprison his son if he did not give them.  He testified on the trial that Byles, in the presence of Baker and

Whitehead, explained to him the nature and amount of James's defalcation and proposed that he should give his note and mortgage for it, payable in four months; that he protested his inability to pay it, and Byles then said he would not have to as McSweeney could furnish James employment "at fifty dollars a month and found," and that Baker and Whitehead would take his note as security that James would do the work and turn the money over to them, and that they would extend the note from time to time to enable James to pay it. He testified further that Byles said if he did not do this he would prosecute James for embezzlement. He testified also that he gave the bond and mortgage on the terms or conditions stated by Byles. He then testified that neither McSweeney nor Byles furnished any employment for James after the bond and mortgage were executed. He called Baker and Whitehead to corroborate him in his statements relating to the employment of James by McSweeney, but their evidence clearly negatived his claim in this respect. Byles testified that he made no threat to prosecute James, or promise to procure employment for him. In this he was corroborated to some extent by the testimony of John Finnerty.

The learned court below directed the jury to find for the defendant on the ground that there was no consideration for the mortgage, and this instruction constitutes the complaint of the plaintiff on this appeal. Was it authorized by the evidence? We think it was not. It is true that the note and mortgage were given for the debt of James, but it might fairly be inferred from the testimony that they were given on his request and that the giving of them suspended the right of action for it at least four months. According to the defendant's own version of the transaction, it afforded James an opportunity to pay in twenty monthly installments a debt then due. If the transaction involved an agreement by the mortgagees to extend the time for payment of the debt, in order to enable James to pay it, such agreement would constitute a sufficient consideration for the mortgage and the note secured by it. We think the evidence warranted a finding that there was an understanding between the parties which precluded the mortgagees or their assignees from bringing suit against James for the debt before the defendant's note for it matured. Besides it is to be remem-

bered that the action is upon the mortgage—a sealed instrument which imports a consideration. An illegal consideration, or the failure of a lawful one, may constitute a defence to it, but it lies on the mortgagor who alleges either, to establish it by competent evidence. In the case before us an illegal consideration was not shown.

It follows from these views that the learned court erred in holding that there was no consideration for the mortgage, and directing the jury to find for the defendant.

Judgment reversed and venire facias de novo awarded.