## Bitler's Estate.

*Promissory notes—Principal and surety—Release of surety—Payment of interest.*

A surety on a promissory note is not released from liability by the mere payment of interest by the principal, where it does not appear that the interest was paid in advance, or that the note was extended, or in any way varied in its terms.

*Decedents' estates—Claim for services—Findings of fact.*

A finding by the orphans' court against a claim for nursing, will not be reversed by the appellate court where the finding is based on sufficient evidence and no manifest error is made to appear.

*Appeals—Joint appeals—Decedents' estates.*

A husband and wife are not entitled to a joint appeal from a decree of the orphans' court, where it appears that the wife appealed as a distributee, and the husband as a disappointed claimant, and that the matters of complaint were entirely separate and distinct.

Argued Nov. 13, 1905.   Appeal, No. 236, Oct. T. 1904, by Mary Kurtz, distributee, and John Kurtz, creditor, from decree of O. C. Berks Co., Sept. T., 1904, dismissing exceptions to adjudication in estate of Henry Bitler, deceased.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Carrie B. Kilgore*, for appellant.

*W. B. Bechtel*, of *Bechtel & Shalters*, for appellee.

OPINION BY MORRISON, J., January 13, 1906:

This is an attempt of Mary Kurtz, distributee, and John Kurtz, creditor, to maintain a joint appeal from the decree of the orphans' court of Berks county.   The alleged rights of these parties are separate and distinct, and they have no power

to maintain a joint appeal, and for this reason their appeal
might be quashed. But inasmuch as we have examined the
testimony, the exceptions and the decree of the court, and
have reached the conclusion that there is no merit in the as-
signments of error, we conclude to dispose of the appeal upon
its merits.

The first assignment of error is : " The learned court erred
in allowing the claims of Jacob Dethample against the estate
of Henry Bitler, deceased." Dethample's claims were upon
four promissory notes, dated respectively October 6 and No-
vember 1, 1899, and March 12 and May 9, 1900, each payable
one year after date, with interest at five per cent, and each was
signed by John Bitler and Henry Bitler. It is conceded that
Henry Bitler was surety on these notes, but they were jointly
executed, and upon their face showed a joint liability on the
part of the makers. The sole reason urged by the learned
counsel for Mary Kurtz, appellant, in support of this assign-
ment is that Dethample, from time to time, received interest
due upon said notes from John Bitler, and upon this fact the
argument is predicated that Henry Bitler was released. There
is not a scintilla of evidence that any interest was ever paid in
advance, or that Dethample accepted any money or valuable
thing, or entered into any agreement whereby he varied the
terms of the contracts, as evidenced by the notes, by agreeing
to any extension of time, or otherwise.

In support of the contention that· the payment of interest
upon the notes released the surety, a number of decisions are
cited, and among them Riddle v. Thompson, 104 Pa. 330. But
that was a case where the payee agreed to a valid extension of
time for the payment of the obligation, without the consent of
the surety, and of course, under all of the decisions, such ex-
tension released the surety.

The argument of the counsel that " an agreement between
the creditor and the principal debtor, which varies essentially
the terms of the contract by an extension of time, or other-
wise, without the assent of the surety, will discharge the lat-
ter from responsibility," is good law, but the difficulty in the
present case is that the payee did nothing to change the con-
tract by an extension of time, or otherwise. It is equally good
law that a mere forbearance on the part of the creditor will not

discharge the surety.   The question raised by this assignment is so well settled, and the ruling of the court being strictly in accordance with the facts and the law, it is unnecessary to cite other cases or to spend time in a further discussion of this assignment, as it cannot be sustained.

The second assignment is : " The learned court erred in refusing to allow the claim of John Kurtz against the estate of Henry Bitler, deceased." A careful reading of the testimony, the opinion of the court and the exceptions, satisfy us that this exception is entirely without merit. After the death of Henry Bitler, John Kurtz presented a claim against the estate for $336, alleged to be due him for nursing the deceased. The testimony offered in support of this claim, in our opinion, shows a labored effort to sustain a worthless claim against a dead man's estate. The evidence tends to show that the deceased was able to be about the house and out of doors frequently almost to the day of his death, and it further shows that John Kurtz was staying at the home of the deceased engaged zealously in courting his daughter, during the old gentlemen's last illness, whom he subsequently married. The evidence also shows that John Kurtz executed and delivered, after the death of Henry Bitler, the following receipt : " Gibraltar, Pa. May 11, 1903.   Received of Rebecca M. Bitler, one of the executors of the estate of Henry Bitler, deceased, $25.00, for nursing Mr. Bitler.   John Kurtz." It may be that there was evidence from which the court could have found that the services were rendered by John Kurtz and that they were of greater value than the amount actually paid him.   On the other hand, there was also evidence consisting of circumstances which tended to cast serious doubt upon the bona fides of his claim.   The receipt, while it may not be necessary to consider it as in full, is consistent with the claim of the appellee that it was for a payment in full for all his services.   The appellant's claim rested upon oral testimony of witnesses and the court who heard them and observed their manner of testifying was better able to judge of the credibility of the testimony than this court.   It is a case where the finding of a court that the claim was not sustained ought not to be set aside except for manifest error and we do not discover any such error.

The question as to the competency of John Kurtz and his

wife to testify as to the circumstances under which the receipt was given is not raised by either of the assignments of error, therefore it is dismissed without discussion or decision.

The appeal is dismissed at the costs of the appellants and the decree affirmed.