# Folsom Real Estate Company, Appellant, v. Esmark.

*Affidavit of defense—Practice, C. P.—Corporations—Real estate company—Agents.*

In an action by a real estate company based upon an agreement in writing, an affidavit of defense is insufficient which sets up certain representations and unperformed promises made by unnamed agents of the plaintiff, without setting forth their authority to make the same.

Argued Dec. 18, 1908. Appeal, No. 217, Oct. T., 1908, by

plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1908, No. 340, discharging rule for judgment for want of a sufficient affidavit of defense in case of Folsom Real Estate Company v. Joseph M. Esmark and Albert Esmark. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opin᠎ ᠎. of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*J. Water Rosenberg*, with him *William M. Lewis*, for appellant, cited: Keffer v. Robinson, 2 W. N. C. 689; Express Pub. Co. v. Aldine Press, 126 Pa. 347; Hallowell v. Lierz, 171 Pa. 577; Twining v. Roberts, 16 Pa. Superior Ct. 4; Martin v. Bernes, 67 Pa. 459; Land Co. v. Mendinhall, 4 Pa. Superior Ct. 398.

*David Phillips*, with him *John Monaghan*, for appellee.

OPINION BY ORLADY, J., March 26, 1909:

This action is in assumpsit, brought by the plaintiff company, a corporation, to recover the sum of $920, with interest, due on a certain real estate transaction, and is founded upon an agreement in writing, signed by the parties, and which contains a stipulation, "Third, no modification of this agreement nor waiver of any term or condition hereof, shall be of any force or effect unless the same is in writing, executed by both of the parties hereto, and no waiver or breach of any such term or condition, shall be evidence of, or construed as a waiver, or any other or subsequent breach of the same, or any other term or condition."

The affidavit of defense is evasive and unsatisfactory, but accepting it as being the best statement of the defense that the defendant could truthfully make, it is insufficient to prevent judgment.

The contract is signed by .the plaintiff company, by R. M. Livingstone, its treasurer, and by the defendants with their personal signatures. The allegation that certain representations were made by unnamed agents, acting as representatives of the plaintiff company, who alleged and promised that certain things with regard to the unimproved real estate should be done, is not sufficient. That such agent or representative had any authority to bind the corporation, or just what their relation to the corporation was in fact, is not definitely stated. It is not alleged that the statements were made by the treasurer who executed the contract for the company, and, further, the oral promises set up in the affidavit are in direct contradiction to the terms of the written contract. The case is not controlled by Land Company v. Mendinhall, 4 Pa. Superior Ct. 398, as urged by the appellant, for in that case the inducing representations were made by the company itself. The representations on which the defendants rely might well have been made by a person who had no authority to bind the company, as far as their truthfulness is concerned. Lacking the particularity and specific averments above suggested, it is clearly not sufficient to prevent judgment.

The judgment of the court below is reversed, the record remitted to the court below, that judgment may be entered against the defendants for such sum as to right and justice may belong, unless other legal or equitable cause be shown why such judgment should not be so entered.