# W. E. Heyser Lumber Co. *v.* Whiting Lumber Co., Appellant.

*Practice, C. P.—Affidavit of defense—Corporation—Principal and agent—Insufficient averment as to agency.*

In an action by a corporation for goods sold and delivered an affidavit of defense which sets up a counterclaim based on an

oral agreement alleged to have been made by the plaintiff "through its duly authorized agents,", is insufficient, inasmuch as it omits to state who were the authorized agents.

Argued Oct. 19, 1915. Appeal, No. 64, Oct. T., 1915, by defendant, from order of C. P. No. 1, Philadelphia Co., Dec. T., 1914, No. 1941, making absolute rule for judgment for want of a sufficient affidavit of defense in case of The W. E. Heyser Lumber Company v. Whiting Lumber Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The defendant filed an affidavit of defense in which it set up a counterclaim based on an oral agreement alleged to have been made by the plaintiff "through its duly authorized agents," but without stating the names of the agents.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Frederick H. Warner,* for appellant.—The affidavit was sufficient: Max Meadows Land & Imp. Co. v. Mendinhall, 4 Pa. Superior Ct. 398; Folsom Real Est. Co. v. Esmark, 38 Pa. Superior Ct. 580; Independent Brick Co. v. Biddle, 17 Dist. Rep. 1083.

*Louis deP. Vail,* for appellee.—The name of the agent should have been stated: McCracken v. Congregation, 111 Pa. 106; Folsom Real Est. Co. v. Esmark, 38 Pa. Superior Ct. 580; Independent Brick Co. v. Biddle, 17 Dist. Ct. 1083.

OPINION BY HENDERSON, J., March 1, 1916:

This case comes up on an appeal from the judgment of

the court below entered for want of a sufficient affidavit of defense.   The plaintiff's action was brought to recover the price of a quantity of lumber sold and delivered to the defendant.   The affidavit of defense admits the correctness of the plaintiff's claim but sets up a counterclaim by way of set-off arising out of another sale of lumber by the plaintiff to the defendant which the latter alleged was inferior in quality and was only accepted by it after the defendant through its duly authorized agents orally agreed that if the defendant would keep the shipment and other shipments to be made under that contract and pay for the same the plaintiff would compensate the defendant for any depreciation in the lumber which might occur as a result of its greenness of which the defendant had complained.   It is further averred in the affidavit that this lumber became subject to dry-rot because of improper seasoning and that the defendant sustained damage to the extent of $399.00 which amount it seeks to apply on the debt for which the suit was brought.   The court held the affidavit to be insufficient because it omitted to state who the authorized agents were who were said to have acted for the plaintiff in making the agreement with respect to the lumber alleged to have been defective.   It is an indispensable element in an affidavit of defense that it state with some degree of certainty what will be presented to defeat the plaintiff's claim.   It is filed for the purpose of giving information of a defense sufficient in law to prevent summary judgment.   It is not required nor advisable that it exhibit the evidence on which the defense is to be supported but it should inform the plaintiff with reasonable precision and particularity of the facts relied on to defeat a recovery.   The whole defense here is based on the allegation that a contract was made by some agents of the plaintiff with the defendant without disclosing the names of the agents or so describing them that authority to enter into such contract might be inferred. The plaintiff is a corporation; it acts through its officers

and such agents as it may from time to time employ.
Where it is averred that an agreement of the character
set up by the defendant was entered into it is not un-
reasonable that the defendant name or describe the
agents who thus acted for the plaintiff. The lumber
about which complaint was made was sold by the plain-
tiff, received by the defendant and paid for. The col-
lateral agreement set up was outside of the regular
course of business and it was important to the plaintiff
to know what agents acted for it in the transaction as
claimed by the defendant. It is true the matter is pre-
sented by way of set-off but it is set-off in an affidavit of
defense and the statement of the set-off should contain
such facts as would constitute a good defense if estab-
lished. The general statement that this collateral agree-
ment was made by agents of the company gives no such
information of the identity of the agents or of time, place
and circumstance as would enable the plaintiff to know
what it was expected to meet at the trial. As corpora-
tions must act through representatives it is essential
that such representatives be identified by the descrip-
tion of their offices or their particular connection with
the corporation: McCracken v. First Reformed, Etc.,
Congregation, 111 Pa. 106; Folsom Real Estate Co. v.
Esmark, 38 Pa. Superior Ct. 580. The facts underlying
the case of Max Meadows Land and Improvement Co.
v. Mendinall, 4 Pa. Superior Ct. 398, are very different
from those presented in the case before us. A fraudu-
lent combination was there set up involving the officers
of the corporation and its agents. An extensive sys-
tem of advertising by handbills and otherwise was en-
gaged in and the fraudulent representations complained
of were to a considerable extent set forth in these
advertisements and handbills issued by the company.
The affidavit of defense set up the fact that the company
made the false representation by prospectus, handbills
and advertisements as well as by its officers and agents.
The charge of misconduct was thus brought home to the

corporation and its officers as well as to its agents.   The officers were known and presumably could be produced. In view of the nature of the charge and the manner in which the fraudulent misrepresentations were made by the officers of the company and in further view of the fact that wide latitude is allowed in the presentation of evidence in a charge of fraud the affidavit was held sufficient; but we do not regard it as an authority in support of the appellant's position.

The judgment is affirmed.