## Schroyer et al., Appellants, *v.* Thompson et al.

*Principal and surety—Promissory notes—Alleged alteration of contract by principals—Forbearance to sue—Consideration—Discharge of surety—Affidavit of defense—Averments.*

1. A surety has a right to require strict performance of the contract and an agreement between the principals varying its terms in a material part without the consent of the surety will release him from liability.

2. An agreement between a principal debtor and creditor, to have the effect of altering a written contract so as to discharge a surety, must be based upon a sufficient consideration; that is, it must be a valid and enforceable contract.

3. While forbearance to sue has always been recognized as an adequate consideration for a promise made in reliance thereon, there must be an agreement to that effect; mere forbearance without an agreement has been held not a good consideration because of there being nothing to prevent the bringing of a suit at any time.

4. A memorandum endorsed on the back of a promissory note by the principal debtor subsequent to its execution and without the consent of the sureties thereon, providing "all overdue int. to bear int. to be compounded semiannually" will not discharge the surety if it was made without consideration.

5. In an action against the sureties on promissory notes the affidavit of defense alleged that defendants had been discharged by reason of an endorsement on the back of the note to the effect that interest should be compounded semiannually, which endorsement

was made by the principal without defendants' consent, and, in consequence of which, the creditor had forborne to collect the interest for more than four years. It was not alleged that the forbearance of the plaintiff to collect the interest was in pursuance of an agreement between him and the principal that the interest should be compounded semiannually. *Held,* the affidavit of defense was insufficient.

Argued June 4, 1918. Appeal, No. 14, Jan. T., 1918, by plaintiffs, from order of C. P. Fayette Co., Dec. T., 1915, No. 2148, refusing judgment for plaintiffs, for want of a sufficient affidavit of defense, in case of E. E. Schroyer, Mrs. David Gans, Fred L. Schroyer and Daisy Schroyer v. Josiah V. Thompson, Isaac W. Semans, William M. Thompson, Fuller Hogsett, and John F. Hogsett. Before BROWN, C. J., MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Assumpsit on promissory notes.

Rule for judgment for want of a sufficient affidavit of defense. Before VAN SWEARINGEN, P. J.

The opinion of the Supreme Court states the facts.

The court refused to enter judgment for plaintiffs for want of a sufficient affidavit of defense. Plaintiffs appealed.

*Error assigned* was the order of the court.

*W. J. Sturgis,* with him *S. J. Morrow,* for appellants. ——The endorsements on the backs of the notes signed by the principal, without the consent of the surety, did not release the defendant from liability: Miller v. Reed, 27 Pa. 244; Neff v. Horner, 63 Pa. 327; Cambridge Savings Bank v. Hyde, 131 Mass. 77; Bucklen v. Huff, 53 Ind. 474.

*W. J. Johnson* and *E. C. Higbee,* with them *F. P. Rush, Sterling, Higbee & Matthews, Umbel, Robinson, McKean & Williams,* and *Crow & Shelby,* for appellee.—— The notes were avoided against the surety by reason of

the endorsements on the backs thereof: Elias v. Whitney, 98 N. Y. Supp. 667.

The new contracts signed by the principal are material and substantial changes in the contracts signed by the sureties and destroy the identity of the original notes: Hull v. Weaver, 48 Pa. Superior Ct. 290; Bauschard Co. v. F. & C. Co. of N. Y., 21 Pa. Superior Ct. 370; Bensinger v. Wren, 100 Pa. 500; Robbins v. Robinson, 176 Pa. 341.

OPINION BY MR. JUSTICE FRAZER, July 17, 1918:

Plaintiffs' action is founded on two demand notes signed by one defendant, as principal, and the others as sureties, and assigned by the payees to plaintiffs. The sureties each filed an affidavit of defense alleging release from liability, owing to a memorandum endorsed on the back of the notes, subsequent to their execution and without consent of the sureties, stating "all overdue int. to bear int. to be compounded semiannually." A rule for judgment for want of a sufficient affidavit of defense was discharged and plaintiffs appealed.

It is not denied the agreement to pay interest on interest is a material alteration affecting the sum payable for interest within the meaning of the 125th Section of the Negotiable Instrument Act of May 16, 1901, P. L. 194. Plaintiffs contend, however, the memorandum is without effect so far as the sureties are concerned, because not on the face of the instrument and, consequently, not an alteration of its terms, but merely a separate agreement between maker and payee. Discussing or deciding this question, is unnecessary, since, under the view we take of the case, the decree of the court below must be reversed for a different reason.

A surety has a right to require strict performance of the contract and an agreement between the principals varying its terms in a material part without the consent of the surety will release him from liability: Bensinger v. Wren, 100 Pa. 500; Nesbitt v. Turner, 155 Pa. 429;

Robbins v. Robinson, 176 Pa. 341. It must be conceded that an agreement between the principals having the effect of altering the written terms of the contract must be based upon a sufficient consideration, that is, must be a valid and enforceable contract. The affidavits of defense filed contained no averment of an extension of time for payment of interest, nor do they set up other facts capable of being construed as a consideration for the agreement to pay compound interest. No consideration appears in the memorandum unless it be an extension of the time for payment of interest implied by the recognition of nonpayment from time to time by reason of the provision that it should bear interest. Nothing is said specifically as to extension of time, or concerning an agreement not to enforce payment of interest for a definite or indefinite period. While forbearance to sue has always been recognized as an adequate consideration for a promise made in reliance thereon, there must be an agreement to that effect; mere forbearance without an agreement has been held not a good consideration because of there being nothing to prevent the bringing of suit at any time: Clark v. Russel, 3 Watts 213; Sidwell v. Evans, 1 P. & W. 383; Cobb v. Page, 17 Pa. 469; Saalfield v. Manrow, 165 Pa. 114. While it has been said that actual forbearance at the instance of a defendant may also be sufficient (Clark v. Russel, supra) yet, in such case, the burden is on the one relying thereon to show by clear and satisfactory proof that the request to forbear was, in fact, the inducing cause of the act of forbearance: Clark v. Russel, supra. In the present case the court below in discussing this question stated there was an actual forbearance in the enforcement of the payment of interest for a period of nearly four years and such forbearance was sufficient consideration for the agreement to pay compound interest. The difficulty with this view of the case is that the record fails to show the delay of four years in collecting the interest was pursuant to a request or promise made

by the payee to the maker.   Under the circumstances there was no valid agreement to pay compound interest, the sureties are not prejudiced and there is nothing to affect their discharge from liability.

The judgment is reversed and the record remitted to the  court below with directions to enter judgment against defendants for such sum as to right and justice may belong unless other legal or equitable cause be shown to the court below why such judgment should not be entered.