W. A. Case and Sons Mfg. Co. *v.* Cerine, Appellant.

Argued March 9, 1932.

Before TREXLER, P. J., KELLER, GAW-
THROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER,
JJ.

*A. F. Vosburg* of *Vosburg & Vosburg,* for appellant.

No appearance or paper book for appellee.

OPINION BY PARKER, J., July 14, 1932:

The plaintiff, a corporation, brings this action to
recover the price of merchandise sold and delivered.
J. N. Cerine, defendant, in his affidavit of defense ad-
mits the oral contract of purchase and the delivery,
but, for further answer, alleges that "the goods were
found to be unsatisfactory and unsuited, for the pur-
poses for which they were intended. I had a personal
the plaintiff company, and told him that the articles
interview with the duly authorized representative of

shipped were not satisfactory and that I could not make use of them. I was then and there instructed by him to return the same to the Elkay Manufacturing Company, Chicago, Ill., and that my order would thereupon be cancelled. In accordance with said directions, I shipped the said partitions to the Elkay Manufacturing Company, Chicago, Ill., on August 6, 1929. At the same time when I had the said conversation with the duly authorized agent and representative of the plaintiff company, he agreed with me that when I had so shipped the goods my obligations in the matter would cease, but that if, and when, I wished to renew the order it would be filled' in accordance with my wishes and that the articles would be made satisfactory and suited for the purposes for which they were intended.''

Judgment was entered for the plaintiff by the lower court for want of a sufficient affidavit of defense from which the defendant appeals. It is, in effect, conceded that the allegation that the goods were found to be unsatisfactory and unsuited for the purposes for which they were intended is not sufficient to prevent judgment for the plaintiff. This assertion is vague and indefinite. The affidavit fails to set forth the respect in which the goods were unsuited or the purpose for which they were intended, or that the buyer, expressly or by implication, made known to the seller the particular purpose for which the goods were required. See Sales Act of 1915, May 19, P. L. 543, Sec. 15. In fact counsel for appellant states the sole question involved as follows: ''Is it necessary to give the name of the representative of a corporation in an affidavit of defense where it is averred that he was duly authorized to act?''

The lower court correctly answered the proposition submitted. ''To bind a corporation on a promise of a 'representative' the identity and authority of the agent should be set forth'': Miner-Hillard M. Co. v.

Rosato, 81 Pa. Superior Ct. 94, 97. The precise question here involved was considered in the case of W. E. Heyser L. Co. v. Whiting L. Co., 62 Pa. Superior Ct. 76. There the affidavit of defense averred an agreement with the defendant "through its duly authorized agents" and Judge HENDERSON, speaking for the court, said: "The general statement that this collateral agreement was made by agents of the company gives no such information of the identity of the agents or of the time, place and circumstances as would enable the plaintiff to know what it was expected to meet at the trial. As corporations must act through representatives it is essential that such representatives be identified by the description of their offices or their particular connection with the corporation."

It was required of the defendant that, in his affidavit of defense, he should identify the alleged agent either by name or office or set forth what relation he bore to the business.

The judgment is affirmed.