## Germantown Trust Company, Guardian, Appellant, *v.* Emhardt (No. 1).

Argued January 15, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*George V. Strong,* for appellant.

*Robert P. Shick,* for appellee.

OPINION BY MR. JUSTICE BARNES, April 20, 1936:

Plaintiff entered in the court below its rule upon defendant for judgment for want of a sufficient affidavit of defense. After argument, the court discharged the rule, whereupon plaintiff appealed.

The statement of claim sets forth that on May 4, 1928, plaintiff, as guardian of the estate of Catherine Rita Marcolina, entered into a written agreement with defendant whereby the latter guaranteed payment of a certain bond and mortgage in the principal sum of $4,000 given by Henry J. Mager and secured upon premises 78 West Sharpnack Street in the City of Philadelphia. Under the terms of this agreement the principal of said

bond and mortgage, which was then overdue, was extended until December 26, 1930. This action is based upon the following provision of the agreement: "The party of the second part [defendant] guarantees the prompt payment of the interest and principal of said bond so secured, together with all taxes assessed as aforesaid, and the maintenance of insurance upon the property covered by the said mortgage in the sum of Four Thousand ($4,000.00) dollars." Default having occurred in the payment of principal and interest of the bond as extended by the terms of the agreement, the plaintiff caused the mortgage to be foreclosed and at sheriff's sale purchased the property for the price of fifty dollars. It now claims of defendant upon his guaranty the principal sum of the bond, together with accrued interest and taxes amounting in the aggregate to $4,141.11, with interest. It offers to convey the premises to defendant upon payment of the amount claimed to be due to it.

The defendant admits in his affidavit the facts above stated, but sets up as a defense that in May, 1928, he was the solicitor of the Mint Building and Loan Association and held title to the premises only as its agent. He explains that the association, being the owner of the property and of a second mortgage thereon, caused title to be taken in his name in order to prevent a merger of the fee with the mortgage. He avers that plaintiff through its "real estate officers" was well aware of these facts and particularly that he had no real interest in the property. He refused at first to execute the extension agreement, but was assured by these officers that in no event would he be held individually liable upon the agreement nor would plaintiff look to him for payment. He states it was upon the faith of these representations and assurrances that he executed the agreement.

Before argument upon the rule for judgment, defendant amended his affidavit to aver, as an additional defense, that the extension agreement was a contract of

suretyship from which he was released when, after the maturity of the obligation, "plaintiff extended the time for the payment of the interest due on the said mortgage and did in fact accept from the Mint Building and Loan Association the interest due for the period of six months from December 26, 1930, and likewise extended the time of the payment of the principal thereof." The court held the affidavit of defense sufficient, and discharged the rule for judgment. Plaintiff appealed.

The first defense interposed to plaintiff's claim is that the instrument sued on was executed in reliance upon a contemporaneous parol contract made by plaintiff's "real estate officers" that defendant would not be held thereon. It is a familiar rule of pleading that where a contract made by an agent is relied upon to bind his principal, the identity of the agent and his authority to act for his principal must be clearly set forth: *Folsom Real Est. Co. v. Esmark,* 38 Pa. Superior Ct. 580; *W. E. Heyser Lumber Co. v. Whiting Lumber Co.,* 62 Pa. Superior Ct. 76; *W. A. Case and Sons Mfg. Co. v. Cerine,* 105 Pa. Superior Ct. 458; see *Michelin Tire Co. v. Schulz,* 295 Pa. 140; *4 Standard Pa. Practice,* section 274. Defendant completely failed to comply with this requirement. The guaranty agreement was executed on behalf of the plaintiff company by a vice-president and the secretary, but it is not stated that these were the agents who negotiated with defendant. The identity of the "real estate officers" who made the alleged promise is not disclosed, nor does their authority to act in the matter appear. This information was vital, for without it plaintiff could not know what it was expected to meet at the trial. So far as this defense is concerned the affidavit is clearly insufficient.

Moreover, there is no allegation by defendant that the execution of the extension agreement was procured by any fraud practiced upon him, or as a result of any accident or mistake on his part. This is a fatal omission. In the absence of such an allegation defendant's aver-

ment of a parol agreement which destroys the vitality of the written contract does not constitute a sufficient defense: *Wagner v. Marcus*, 288 Pa. 579; *Popper v. Rosen*, 292 Pa. 122; *Speier v. Michelson*, 303 Pa. 66; *Laurel Hill Collieries, Inc., v. Benjamin*, 303 Pa. 110. The agreement before us, like that in *Second Nat. Bank of Reading v. Yeager*, 268 Pa. 167, "does more than vary the written instrument, it destroys it." It is firmly settled that "where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be . . . the only evidence of their agreement": *Martin v. Berens*, 67 Pa. 459, 463. As Mr. Justice SCHAFFER said in *Gianni v. Russell & Co.*, 281 Pa. 320, 323, quoting from *Union Storage Co. v. Speck*, 194 Pa. 126, 133: " 'All preliminary negotiations . . . are merged in and superseded by the subsequent written contract . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence.' " The present Chief Justice, in *Speier v. Michelson,* supra, after a review of the authorities, stated the modern rule to be: "Any parol agreement that subjects the obligation on the instrument to any condition or contingency, whether in person, time or amount, is ineffective, and the instrument is unconditional, unless fraud, accident or mistake was the means through which the instrument was procured." The defendant relies upon *Friend v. Kuhn,* 316 Pa. 233, as sustaining his contention that the allegation in the affidavit is sufficient to bar judgment on the pleadings. With his interpretation of that case we cannot agree. The opinion in the Friend Case discloses that in her affidavit of defense defendant set up that her signature to the note sued on was procured by fraudulent misrepresentations. It is therefore clear that the case is in harmony with our settled rule, and in line with the decisions of this court above referred to. However, we

do not regard *Friend v. Kuhn,* supra, as controlling in cases of this character.

The situation with regard to the second defense is no better. Defendant claims that his position under the guaranty was that of a surety, and that he was released by an extension of the mortgage which plaintiff without his consent granted the real owner. That a surety has a right to require strict performance of the principal contract, and is released by an agreement between the principal parties modifying without his consent a material feature of the contract—as by an extension of the time for payment—is well settled: *Bensinger v. Wren,* 100 Pa. 500; *Nesbitt v. Turner,* 155 Pa. 429; *Robbins v. Robinson,* 176 Pa. 341; *Jacob Sall B. & L. Assn. v. Heller,* 314 Pa. 237. However, an extension, to release the surety, must be by a valid and enforceable contract, for otherwise there is nothing to prevent the bringing of suit on the principal obligation at any time, and the undertaking of the surety is not varied: *Schroyer v. Thompson,* 262 Pa. 282; *Bank of Wilkes-Barre v. Le Grand,* 103 Pa. 309; *Saalfield v. Manrow,* 165 Pa. 114. The affidavit of defense before us does not aver such a contract. In fact no agreement of any kind is alleged, and the most that can be gathered from the averment is that plaintiff failed to enforce its rights under the mortgage and the extension agreement and accepted a payment of the interest after the obligation had matured. Such mere forbearance on the part of the creditor does not, in the absence of an agreement to do so, constitute a contract to extend the time for payment of the debt: *Clark v. Russel,* 3 Watts 213; *Sidwell v. Evans,* 1 P. & W. 383; *Cobb v. Page,* 17 Pa. 469. Its averment, therefore, is insufficient to prevent judgment against the surety: *Schroyer v. Thompson,* supra; *Bitler's Est.,* 30 Pa. Superior Ct. 84.

Inasmuch as neither defense which defendant sought to raise was sufficiently averred, plaintiff's rule for judg-

ment for want of a sufficient affidavit of defense should have been made absolute.

The order appealed from is reversed, the record is remitted to the end that judgment be entered for the plaintiff for such sum as to right and justice may belong unless (Act of April 18, 1874, P. L. 64; *Wood v. Kerkeslager,* 227 Pa. 536, 538; *Mancia v. Marquette Nat. Fire Ins. Co.,* 280 Pa. 174; *Frey v. U. T. Co. of Pittsburgh,* 320 Pa. 196, 201) other legal or equitable cause be shown to the court below why such judgment should not be so entered.