## Fox v. Como

*James R. Wilson,* for plaintiff.
*William S. Stein,* for defendant.

WINNET, J., December 15, 1943.—Plaintiff is suing defendant as surety in the written lease entered into between plaintiff, as agent for the lessor, and Thomas Donato and Jennie, his wife, as lessees, for premises 1403 Wharton Street, Philadelphia. The lease is dated May 4, 1939, and is a monthly lease beginning April 20, 1939, and ending May 19, 1939, rent payable in advance during the term of the lease or any renewal thereof. Defendant's undertaking is as follows:

"FOR VALUE RECEIVED, the undersigned hereby becomes surety to the lessor or his assigns, for the true and faithful performance of the above contract, and every renewal thereof, on the part of the said lessee, without recourse to the said lessee being first required and I do hereby waive the benefit of any and all exemption laws, on all executions issued to recover any judgment obtained against me in pursuance of the above contract. The lessor agrees that if the lessee pays his rent on the day that it falls due in advance for a period of six months from April 20, 1939, to September 20, 1939, the surety shall be released from any and all claims of this lease."

The case was tried without a jury. There is no dispute of fact between the parties. The first month's rent was paid on May 5th, the day after the lease was executed, although the term began on April 20th. Thereafter during the first six months the lessee paid, and the lessor accepted, the rent each month from two to six days late. The present suit is for default in payments during June, July, August, September, and October of 1940. Defendant contends that by acceptance of the rent after the due date there was a waiver by

plaintiff of the breach and the contract terminated at the end of the six-month period.

An examination of the suretyship clause will reveal that it consists of two parts: first, the obligation of defendant to become surety for the true and faithful performance of the lessor, or his assigns, of the terms of the contract; and, second, a provision terminating the surety's liability within six months upon the happening of a certain condition, to wit, the lessee paying his rent on the day it falls due in advance for a period of six months.

It is obvious from the admitted facts that the rent was not paid on the day it fell due during the six-month period. There was, therefore, no compliance with the condition precedent to the termination of defendant's liability. He was bound as a surety as long as the tenant remained on the premises under the lease. Plaintiff's acceptance of the rent after the due date was neither an indication of the release of defendant from the condition nor a waiver of his right under the contract to hold defendant upon default of the condition for the full term of the lease. He was clearly within his rights in accepting the rent when tendered by the tenant. Whether it affected the suretyship rights is another consideration.

If the acceptance of the rent after it was due constituted an alteration or modification of the agreement between the creditor and the principal, it would release the surety: A. L. I. Restatement of Security, sec. 128. Generally speaking, a surety has the right to require strict performance of the principal contract: Germantown Trust Co., Guardian, v. Emhardt (No. 1), 321 Pa. 561, 567.

The contract required the lessee to pay his rent on the day it fell due. Could the lessor have refused acceptance of the rent when tendered several days late? A test of this question might be whether a court would allow a forfeiture of this lease because the tenant had

delayed the payment of his rent for a few days. It is doubtful whether a forfeiture of the lease under these circumstances would have been allowed. Equitable principles control the operation of forfeiture and a court will prevent the forfeiture of a lease by a landlord because a tenant has failed promptly to pay the rent in the manner required by the lease: Blue Ridge Metal Mfg. Co. v. Northern Pennsylvania Power Co., 327 Pa. 424, 428.

If a court would not have allowed a forfeiture, the landlord in accepting the rent has done nothing more than what the law would have compelled him to do. Under these circumstances there was no such alteration or modification of the contract between principal and creditor as to discharge the surety. There was not even an extension of time. There was at most a slight variation in performance of the agreement, the acceptance of which by the creditor does not discharge the surety. If this be construed as a modification of the principal's duties, it was the sort that was beneficial to the surety. By accepting the payment it terminated the default and the surety's obligation to pay. A modification of the principal's duty which is of benefit to the surety does not operate as a discharge of the surety: A. L. I. Restatement of Security, sec. 128.

Another principle of suretyship law warrants the conclusion that the acceptance of the rent by the lessor did not operate to discharge the defendant. A variation of the contract between the creditor and the principal, impliedly authorized by the original contract between them, will not discharge a surety: 2 Williston on Contracts, sec. 1242.

The lease contains the following provision (8a) :

". . . if the Lessor shall at any time or times accept said rent or rent charges after the same shall have become due and payable, such acceptance shall not excuse delay upon subsequent occasions, or constitute or be construed as a waiver of any of Lessor's rights."

This provision in the very lease which contains defendant's suretyship agreement is an implied authorization to the creditor, or the lessor, to accept the rent on a day subsequent to the due date. Defendant, who is charged with notice of the terms of the agreement, is consequently charged with knowledge that the landlord might accept the rent subsequent to its due date without forfeiting any of his rights under the contract. Defendant cannot now come in and say that plaintiff, by doing the very thing which he was given the right to do in the agreement, altered its terms and discharged defendant from further liability.

Plaintiff is entitled to recover against defendant by reason of the failure of the tenant to pay the rent. The court, therefore, finds for plaintiff in the sum of $143 with interest from October 22, 1940.

Defendant's request for binding finding in his favor is refused and exception granted.

NOTE.—Defendant's motions for new trial and for judgment notwithstanding the finding were overruled and judgment entered on the finding for plaintiff on March 8, 1944.