## Tabas et al. v. Krajci et al.

*Abraham Wernick,* for plaintiffs.

*William V. Mullin* and *Bennett & Bricklin,* for defendants.

FLOOD, J., January 23, 1952.—This is an action in replevin to recover certain steel in a building being demolished. The steel had been purchased by plaintiff from original defendant, who was the steeplejack who was dismantling the building. Under the contract between those parties the steel was to be delivered to

plaintiffs in eight-foot lengths. After the delivery of a considerable amount of the steel, defendant Krajci repudiated the contract and began to deliver steel from the building to Reliable Motors, Inc. This company intervened in the suit as an additional defendant.

Preliminary objections have been filed to the complaint by both defendants. The only objection of which we need take notice is that neither the facts alleged in the complaint nor the written contract attached thereto supports plaintiffs' claim to title or right to possession of the property.

Delivery was part of defendant's contract with plaintiffs and cutting the steel into eight-foot lengths may well have been necessary before defendant could have completed its contract. Therefore this was not a sale of specific goods to which title would pass at once under rule 1, sec. 19, of the Sales Act of May 19, 1915, P. L. 543, 69 PS §143, but rather one where the presumption was that title would not pass until the property was put into deliverable condition under rule 2 and probably not until it had been delivered under rule 5 of the section.

The real question in this case is whether or not plaintiffs are relieved of the application of these two rules by paragraph 4 of their complaint which reads as follows:

"It was the intention of the parties to this written agreement that the title to the said structural steel was to pass to the plaintiff at the time of execution of the agreement."

Section 19 of the Sales Act provides that the presumptions contained in the rules above-mentioned apply "unless a different intention appears". Paragraph 4 seems to us merely to be a conclusion even though Pa. R. C. P. 1019(b), which governs in replevin actions, provides that intent may be averred generally. But that rule cannot operate so as to abro-

gate the Pennsylvania parol evidence rule. Cf. Germantown Trust Company, Guardian, v. Emhardt (No. 1), 321 Pa. 561 (1936). In this case intent must be determined from the language of the contract under the complaint before us. We have nothing averred but the written contract in this complaint, and on its face it must be interpreted in accordance with the presumptions set forth in section 19 of the Sales Act. It may be that the surrounding circumstances, conduct, or usages of the trade might show an intention such as is averred (see section 18 of the Sales Act, supra, 69 PS §142) or it might be that plaintiffs could aver certain conditions under which a parol modification might be admissible in evidence. But they have averred no such circumstances, conduct, usage or conditions. Therefore, in our opinion, the objections must be sustained with leave to plaintiffs to amend, if they can, so as to set up a cause of action by showing title or right to possession in themselves.