## Overseas National Airways, Inc.
## v. Saloom

*William McConnel,* for plaintiff.

*Ronald T. Heiman,* for defendant.

ACKER, J., July 14, 1970.—The matter comes before this court upon a preliminary objection to an amended complaint in assumpsit. The action involves an effort to recover $7,875, with interest, alleged to represent the cost of transportation of the Youngstown Elks Club to Las Vegas, Nev., and back. Defendants are individuals trading as Travelmasters in Sharon. It is claimed that on May 1, 1968, pursuant to an oral agreement between plaintiff and defendants, plaintiff agreed to transport the Youngstown Elks Club and defendant agreed to pay for the transportation, which defendant now refuses to do.

Although the preliminary objection to the amended complaint is in the nature of a demurrer and a motion for specific pleadings, defendants have not argued the demurrer either by brief or oral argument, and this court, therefore, assumes that the demurrer has been abandoned. An examination of the complaint, however, reveals that a demurrer is unsustainable in any event.

The motion for a more specific complaint is twofold. First, plaintiff failed to allege with which of the two defendants the oral agreement was made, and, second, plaintiff failed to specify the dates when the sum of $7,875 was, in fact, given to defendants. Defendants' contentions are without merit.

*Must plaintiff allege which of two individuals trading under a fictitious name entered into the oral contract?*

A reading of the third paragraph of the amended complaint in assumpsit clearly states that on May 1,

1968, George C. Lytle, Director of Sales Administration of Overseas Airways, Inc., entered into an oral agreement with *defendants*. Therefore, the reading of the complaint itself tells defendants that both of them allegedly entered into the oral contract. Even if the amended complaint were worded in the singular, defendant, they would not be entitled to a more specific complaint.

The rule is clear that a complaint against a corporation seeking to impose liability upon it as the result of the actions of an agent of that corporation, must set forth the identity of the agent: Redington Hotel v. Guffey, 148 Pa. Superior Ct. 502, 25 A. 2d 773 (1942); Germantown Trust Company v. Emhardt (No. 1), 321 Pa. 561, 564, 184 A. 457 (1936); Miner-Hillard Milling Co. v. Rosato, 81 Pa. Superior Ct. 94, 96 (1923); W. F. Frederick Piano Co. v. Landau, 67 Pa. Superior Ct. 415 (1917); Greenville Flying Club v. Forney Industries, 3 Mercer 284 (1959); Arnold v. F. E. Kerr Company, 1 Mercer 100 (1956).

The purpose of the rule is, of course, to permit a corporation to know which of its many agents, representatives or employes plaintiff claims bound it to an oral contract. This is only a matter of fairness. However, when a plaintiff is dealing with two individuals trading under a fictitious name, the purpose of the rule is not present, for certainly they know between them whether either one or both of them entered into such a contract as here alleged. As is well stated in Carvella v. Handy Andy Food Mart, 44 D. & C. 2d 133 (1968 Lawrence County, Lyon, J.), page 134: "The ultimate test and controlling consideration is whether the complaint adequately informs the adverse party of the issues which he must be prepared to meet so that he may properly prepare his defense for trial."

*Must plaintiff allege the date when moneys were conveyed by the Youngstown Elks Club to defendants,*

*who, in turn, were to convey $7,875 to Overseas Airways, Inc.?*

Certainly, if defendants do not know whether and when they received $7,875, plaintiff would not.

To furnish information peculiarly within the knowledge and control of defendants serves no useful purpose but merely delays the proceedings. A more specific complaint should not be ordered to develop mere evidentiary matters: Locke v. Greenberger, 3 Mercer 142 (1959). All of the remedies of discovery are available to defendants if they, in fact, have no record of the receipt of the moneys alleged in this case.

Wherefore, defendants' preliminary objections are denied.

### ORDER

And now, July 14, 1970, the preliminary objections to the amended complaint in assumpsit are denied. Defendants are granted 20 days in which to file an answer or such other pleading as they may desire.