## Portland Ice Company, Appellant, *v.* Connor.

*Contract—Sale—Future deliveries—Mutual departure from terms of contract—Notice—Time.*

Where a provision in a contract for future deliveries stipulating for payments weekly upon presentation of bills, has been allowed to remain a dead letter for more than a year after the contract was made, it is in the power of either party to determine at any time that the relations created by the contract shall be resumed, and that thereafter a strict and literal compliance with the contractual obligations will be accorded and expected; but such a determination, arrived at by one party cannot become operative until after such fair and reasonable notice as will afford to the other party an opportunity to adapt himself to the new situation.

A retail dealer in ice in a city contracted for weekly supplies from a packer in another county. Payments were to be made weekly upon presentation of bills, but both parties ignored this provision of the contract for over a year. On a June twelfth, the seller wrote to the dealer a letter in which after complaining of some other matters he said: "Further than this, you are not keeping up your payments according to the agreement, which provides for weekly settlements. ... Unless a settlement is made on or before the 18th, .... we will be compelled to suspend shipments, and cancel our contract with you." On the eighteenth he wrote again as follows: "Not having heard from you in reply to my letter of 12th. ... I am compelled to notify you that the contract is hereby cancelled and that no further shipments will be made." It appeared that by usual course of mail letters passing between the parties would reach destination the day following their date. A letter of the twelfth, reached the defendant on Saturday afternoon, which was the thirteenth. *Held*, (1) that the question whether the notice was within a reasonable time was a mixed one of law and fact, and was for the jury; and (2) that the letter of the twelfth was for the construction of the court, and was sufficiently plain fairly to advise the defendant of plaintiff's dissatisfaction with existing conditions, and the intention to stop shipments and cancel the contract unless its covenants were thereafter performed.

*Evidence—Inferences—What is reasonable under the circumstances —Question for jury—Time—Notice.*

When conditions group themselves into unusual or varying forms; when the inferences to be drawn from established facts may change with the personality of him who makes them; when the mind hesitates to affirm just what a reasonable man would likely do under the

circumstances,. then the ascertainment. of the legal duty becomes .a mixed question of law and fact, and must be submitted to a jury.

In every case where a Pennsylvania court has declared, as a matter of law, that a given time was reasonable or unreasonable, it has been where it was so long or short, so clearly within, or widely without the limit contemplated by the law or the parties, that the assent of all fair minds to the correctness of the conclusion reached would be certain and undoubted.

Argued Oct. 12, 1906.   Appeal, No. 248, Oct. 1905,. by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1903, No.   , upon certificate for defendant in case of Portland Ice Company v. Edward Connor, trading as Friendship Ice Company: Before RICE, P. J., PORTER,. HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Assumpsit for ice sold and delivered.   Before BRÉGY, J.

The facts are stated in the opinion of the Superior Court.

At the trial the defendant made the following offer:

Mr. Conlen, I now offer to prove the damages sustained by defendant because of the recission of the contract on the part of the plaintiff.

Objected to.

The Court: We all recognize the important point in this case. A decision one way ends it; a decision the other way continues the investigation.   In addition to the efforts of counsel, I have given it some thought myself overnight, and I have come to the conclusion that this question must be decided by the jury.   That is not a technical decision of the objection, but it results in the overruling of the objection.   I think that there are cases where these matters which are called reasonable notice .are for the court, like in commercial transactions where there is a binding rule that the thing must be done promptly, or done at once, but there are other cases where the same words, "reasonable notice," have been used which when analyzed mean that there must be a fair notice.   A man must not be taken unawares.   He must,. considering all the circumstances of the case, have a proper notice with the course of conduct allowed to exist in the past in order.to be pursued in the future, and that the man is going to stand on his legal rights, and I think that in many of these cases, unless it is shown manifestly one way or the

other, that the court could not sustain a verdict rendered in a different way, that it is for the jury. It is somewhat like cases of negligence. There are plenty of authorities that say that negligence, where the facts are admitted, is for the court, but there are plenty of other cases where the facts are admitted say that negligence is not for the court, where there is only one side where the duty varies under certain circumstances. Where the rule of conduct is different the question is for the jury, but I will not elaborate the reason for the rule at this time, but simply decide it as I have already indicated.

Exception to plaintiff. [1]

Defendant presented these points:

6. If the jury find that the notice given by plaintiff to defendant dated June 12, 1903, was not sufficiently definite, in that the plaintiff did not make clear to the defendant that immediate payment was required, then their verdict should be for the defendant. *Answer:* That I affirm. [2]

7. If the jury find that in view of all the evidence that the notice dated June 12, 1903, from plaintiff to defendant was not reasonable notice, the verdict should be for the defendant. *Answer:* That I affirm. [3]

Verdict and certificate for defendant for $610.62. Plaintiff appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2, 3) above instructions, quoting them.

*Wm. Y. C. Anderson* and *Alex. Simpson, Jr.*, for appellant.— What is a reasonable time or undue delay where the facts are not disputed, is a question of law to be determined by the court. Reasonableness in such cases belongeth to the knowledge of the law, and is, therefore, to be decided by the justices: Leaming v. Wise, 73 Pa. 173; Morgan v. McKee, 77 Pa. 228; Davis v. Stuard, 99 Pa. 295; Zineman v. Harris, 6 Pa. Superior Ct. 303; Acetylene Co. v. Smith, 10 Pa. Superior Ct. 61; Armour v. Produce Co., 28 Pa. Superior Ct. 524; Scale Co. v. Woodward, 29 Pa. Superior Ct. 142; Forsyth v. Oil Co., 53 Pa. 168; Hazleton Coal Co. v. Buck Mountain Coal Co., 57 Pa. 301.

It was error to permit the jury to decide whether or not the written notice was definite or indefinite in its terms: Edelman

v. Yeakel, 27 Pa. 26; Shafer v. Senseman, 125 Pa. 310; Holmes v. Oil Co., 138 Pa. 546; McFarland v. Newman, 9 Watts, 55; Sidwell v. Evans, 1 P. & W. 383.

*W. J. Conlen,* of *Conlen, Brinton & Acker,* for appellee.— What is reasonable time depends upon all the surrounding circumstances affecting the subject-matter of the contract and the situation and circumstances of the parties to the contract in each particular case.    The question is for the jury: Forsyth v. North American Oil Co., 53 Pa. 168; Hamilton v. Phoenix Ins. Co., 22 U. S. App. 164 (61 Fed. Repr. 379); Tindal v. Brown, 1 Term Rep. 167; Ins. Co. v. Stark, 6 Cranch, 268; Cocker v. Mfg. Co., 3 Sumn. 530; Donahue v. Ins. Co., 56 Vt. 374; Lockwood v. Assurance Co., 47 Conn. 553; Haskins v. Ins. Co., 71 Mass. 432; Wait v. Ins Co., 13 Hun, 371; Green v. Haines, 1 Hilt. (N. Y.) 254; Bacon v. Harris, 15 R. I. 599 (10 Atl. Repr. 647); Jones v. Bloomgarden, 106 N. W. Repr. 891; Claus-Shear Co. v. Lee Hardware House, 140 N. C. 552 (53 S. E. Repr. 433).

The question of definiteness of notice was for the jury.

OPINION BY HEAD, J., February 25, 1907:

The provision in the contract between the parties that payments for ice shipped were to be made weekly upon presentation of bills for the same, had been permitted, by mutual consent, to become and remain a dead letter for more than a year after the contract was made, and for some months after it had been modified in March, 1903.    The plaintiff did not present its bills weekly or at regular intervals and the defendant, apparently, paid on account, from time to time, as his convenience or necessity permitted.    The contract itself, as to the times of payment was never either modified or abrogated; it was simply ignored, neither party choosing to stand upon his strict contractual rights.    It was, therefore, in the power of either to determine, at any time, that the relations created by the contract should be resumed and that thereafter a strict and literal compliance with the contractual obligations would be accorded and expected.    But, for manifest reasons, such a determination, arrived at by one party, could not become operative until after such fair and reasonable notice as would afford to the other

party an opportunity to adapt himself to the new situation.   So much was declared by this court when this case was formerly before us in its preliminary stage : Portland Ice Company v. Connor, 24 Pa. Superior Ct. 493 ; so much is frankly admitted by the learned counsel for appellant.

On June 12, 1903, the defendant wrote to the plaintiff a letter setting forth, at some length, the failure of the latter to keep his orders, for shipments of ice, up to the standard fixed by the contract, and then stating as follows : " Further than this, you are not keeping up your payments in accordance with the agreement, which provides for weekly settlements and taking all in all the business is far from satisfactory.   Unless a settlement is made on or before the eighteenth and some assurance given that shipments will move faster we will be compelled to suspend shipments and cancel our contract with you." No word having been received from the defendant, the plaintiff, at some time on the eighteenth, again wrote : " Not having heard from you in reply to my letter of 12th, relative to handling of the ice shipments and fulfillment of contract made on March 25th, 1902, and supplementary agreement of March 4th, 1903, I am compelled to notify you that the contract is hereby cancelled and that no further shipments will be made."

This brings us to the consideration of the important question raised by the first assignment, viz., was it the duty of the court to declare, as matter of law, that the notice of threatened cancellation, contained in the letter of June 12, above quoted, was or was not a fair and reasonable one under all the circumstances ; or did the ascertainment of its fairness and reasonableness involve such mixed elements of law and fact as necessarily carried it to a jury under proper instructions from the court?

It is doubtless true that wherever, upon a given state of facts, the law, as defined by statute or declared by judicial decision, fixes with precision and accuracy the obligation of a party litigant, it becomes the duty of a trial court, the necessary facts being admitted or established by undisputed testimony, to apply and enforce the resultant legal principle.   Even where the legal obligation is so broad that it consists merely in doing or refraining from doing what a reasonable man would or would not do under like circumstances, such conditions may, and often do, arise that our common experience of men enables

us at once to perceive the line of conduct a rational man would naturally adopt.    In all of such cases the determination whether a party has or has not performed his legal obligation is an unmixed question of law.

But when conditions group themselves into unusual or varying forms ; when the inferences to be drawn from established facts may change with the personality of him who makes them ; when the mind hesitates to affirm just what a reasonable man would likely do under the circumstances, then the ascertainment of the legal duty becomes a mixed question of law and fact and must be submitted to a jury.    The idea we have endeavored to express has been so well formulated in a case cited by the learned counsel for appellee : Claus-Shear Co. v. Lee, Hardware House, 140 N. C. 552 (53 S. E. Repr. 433), that we cannot do better than adopt its language.    " We have examined somewhat extensively the decisions of other courts and text writers.    The result of our examination leads us to the conclusion that what is ' reasonable time ' is generally a mixed question of law and fact, not only where the evidence is conflicting, but even in some cases where the facts are not disputed, and the matter should be decided by the jury upon proper instructions on the particular circumstances of each case (many cases cited).    The time however may be so short or so long that the court will declare it to be reasonable or unreasonable as a matter of law. . . . If from the admitted facts the court can draw the conclusion as to whether the time is reasonable or unreasonable by applying to them a legal principle or a rule of law, then the question is one of law.    But if different inferences may be drawn, or the circumstances are numerous and complicated and such that a definite legal rule cannot be applied to them, then the matter should be submitted to a jury."

Without attempting to review the many Pennsylvania cases cited by the learned counsel for appellant we think we may safely say there is no one of them that can be fairly said to attack the correctness of the principle above stated.    In every case where the court has declared, as a matter of law, that a given time was reasonable or unreasonable, it has been where it was so long or short, so clearly within or widely without the limit contemplated by the law or the parties, that the assent of

all fair minds to the correctness of the conclusion reached would be certain and undoubted. It is true that in Leaming v. Wise, 73 Pa. 173, where the plaintiffs bought oil stock in November and waited until the following March before tendering back the stock and offering to rescind, the court held, as matter of law, that the delay was unreasonable, and WILLIAMS, J., in delivering the opinion uses this language: "What is reasonable time or undue delay, when the facts are not disputed, is, as is well settled, a question of law to be determined by the court."

In Morgan v. McKee, 77 Pa. 228, the court held that a delay of a month in giving notice of an intention to rescind because of a failure to deliver certain goods, was unreasonable, and the same judge delivering the opinion again used the language above quoted from Leaming v. Wise. If, in both of these cases, we look only to the questions actually decided we not only find them in harmony with the general principle we have been considering, but apt and forcible illustrations of those occasions where a court may and should, as a matter of law, declare that a certain time was unreasonable, a particular delay undue. On the other hand, if we look only to the language quoted, disassociated from the propositions decided and the conditions under which it was used, it might seem to furnish a warrant for the broad doctrine so earnestly contended for by the able counsel for appellant. But we cannot assent to the conclusion that the court intended to declare that in every case where the facts that affirmatively appear are not the subject of contradictory evidence, the court must determine, as a matter of law, that the time in question was reasonable or unreasonable.

In Porter v. Patterson, 15 Pa. 229, it was held that a consignor, on being informed of a sale of his goods by the consignee contrary to instructions, is bound to express his dissent in a reasonable time, and what is a reasonable time depends on the circumstances of the case and is for the jury to determine. Mr. Justice ROGERS, speaking for the court, said: "Whether the answer, disavowing the sale, was made in a reasonable time, was a fact left by the court to the jury, who have found that fact in favor of the plaintiff. That the rule is, the consignor has a reasonable time, of which the jury must judge,

has been so repeatedly ruled that it is no longer an open question." So again in Forsyth v. North American Oil Co., 53 Pa. 168, it was held that the question whether the notice of recission was fair and reasonable was properly submitted to the jury. In neither of these cases can we discover any conflict in the evidence as to the facts from which arose the question as to the reasonableness of the time.

In many actions founded on negligence, even where the facts affirmatively appearing are not disputed, the court is unable to dispose of the question involved, as a pure question of law, because no fixed standard of duty has ever been defined as the measure of individual obligation under such a state of facts: Bannon v. Penna. R. R. Co., 29 Pa. Superior Ct. 231. Moreover, in many such cases, and we think the present one belongs to that class, their proper solution requires a consideration not only of the facts affirmatively established by the evidence, but of the inferences of other facts that may be legitimately drawn from those established. Such inferences, as we understand the law, can be drawn only by a jury: Trexler v. B. & O. R. R. Co., 28 Pa. Superior Ct. 198.

In the present case the defendant was a retail dealer in ice in the city of Philadelphia; the plaintiff was a packer and shipper with its place of business in Northampton county. It is conceded that by usual course of mail letters passing between them, would reach destination the day following their date. The letter of June 12 reached defendant on the afternoon of the 13th, which was Saturday. Would it be a fair inference that the requirements of his business in the way of local deliveries would leave him but little chance to take up the subject of the letter on that day? His reply, in order to be in time, must have been mailed some time on the following Wednesday. He therefore was left, at best, with but three full days within which to effect such changes in his business as would enable him to conform to the new standard set up by the letter. The evidence does not directly give any information as to his financial means. But it might be fairly inferred from the fact that he was always behind in his payments, that they were small, and that his ability to raise a considerable sum in a short time would depend on his success in making collections from his customers.

Under such conditions we are unable to see what rule of law could be invoked, what standard of duty could be applied that would have enabled the learned trial court to determine, as a matter of law, that the time allowed the defendant, under the notice of June 12, was or was not reasonable under all the circumstances. On the contrary, we conclude that the question was a mixed one of law and fact, and was properly submitted to the jury in a charge that has not been complained of as to the manner of submission. The first assignment of error is therefore overruled.

But the court also submitted to the jury the question whether or not the notice of June 12 was sufficiently definite or explicit to apprise the defendant of the intention to rescind if the terms of the contract were not thereafter lived up to. In this we think the learned court fell into error. The notice was in writing. Legally speaking it was not ambiguous. It did not need or invite the aid of parol testimony to explain any of its terms. No such testimony was offered by either side. The court should have construed the paper and instructed the jury that it was sufficiently plain to fairly advise the defendant of the plaintiff's dissatisfaction with existing conditions, and its intention to stop shipments and cancel the contract unless its covenants were thereafter performed. As we cannot tell, from the manner in which the case was submitted, how far the verdict favoring the defendant may have been predicated on the jury's idea that the notice was not sufficiently definite or plain, we are unable to say that this error was not injurious to the plaintiff. Its correction, therefore, requires us to send the case back for another trial. The second assignment is sustained.

Judgment reversed and a venire facias de novo is awarded.