# Estes *v.* Kauffman, Appellant.

*Contract—Sale—Rescission—Return of goods—Condition—Sale by auction.*

Where a purchaser of goods finds after their delivery to him that they are not of the quality for which he contracted, he may rescind the contract and return the goods, but he cannot impose as a condition for the return of the goods by him, that the seller shall reimburse him for freight charges and cartage which he had expended for their transportation; nor can the purchaser in such a case, after the seller has declined to pay the charges, sell the goods at auction for the freight, cartage and storage charges.

Argued Nov. 11, 1909. Appeal, No. 168, Oct. T., 1909, by defendant, from order of C. P. Lancaster Co., April T., 1909, No. 38, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Herbert Estes v. John A. Kauffman, trading as The Conestoga Paper Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for goods. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order entering judgment for plaintiff.

*W. U. Hensel,* for appellant.—The contract was executory, and the ownership of property was not changed by it. The title to the latter remained in the plaintiff, subject to the defendant's inspection and acceptance of it: Jones v. Jennings Bros., 168 Pa. 493; Whitehill v. Wilson, 3 P. & W. 405; Gilchrist v. Rogers, 6 W. & S. 488; Bisbing v. Third National Bank, 93 Pa. 79; Clark v. Wright, 5 Phila. 439; Rothschilds Co. v. McLaughlin, 6 Pa. Superior Ct. 347.

The vendor may recover the expenses incident to the proper care and keeping of goods after a breach by the vendee and prior to a resale thereof: Coffman v. Hampton, 2 W. & S. 377; Kerr v. Shrader, 1 W. N. C. 33; Moore v. Ry. Co., 4 Phila. 261; Youghiogheny Iron & Coal Co. v. Smith, 66 Pa. 340.

*H. Edgar Sherts,* for appellee, cited: Studer v. Bleistein, 115 N. Y. 316 (22 N. E. Repr. 243).

OPINION BY PORTER, J., October 10, 1910:

The plaintiff brought this action of assumpsit to recover the contract price for eighteen tons of wrapping paper, under a contract evidenced exclusively by written correspondence. The contract stipulated for a delivery of the paper, by the plaintiff to the defendant, free on board the cars at Ausable Chasm, N. Y., at a specified price. The plaintiff did deliver a lot of paper, to the quantity required by the contract, free on board the cars of a common carrier, at the point designated, consigned to the defendant. With regard to the facts thus far stated there is no controversy between the parties. The affidavit of defense avers that the paper was not of the quality specified for in the written correspondence. We must for the purposes of this appeal assume the allegations of the affidavit of defense to be true. The affidavit of defense admits that the paper arrived at Lancaster, but avers that the paper could not be examined, for the purpose of ascertaining whether it complied with the contract, until after

it had been taken from the cars, and that it was so taken only for the purpose of an inspection and an examination. "It was found not to be in conformity with the contract, and it was, as defendant advised plaintiff on September 19th, 1908, instead of being ninety pound stock, very lacking in quality and in uniformity." The contract required the paper to be made up in rolls, of different weights, and the affidavit averred, that, "In addition to the deficiency in the quality thereof it did not consist of rolls of the weights stipulated in the contract. No more than forty per cent of the rolls ran up to twenty-six." The defendant upon receiving the car had paid to the carrier the sum of $114 as freight upon the same, and the affidavit averred that he had paid charges for cartage from the freight station to his warehouse amounting to $15.00. The defendant notified the plaintiff by letter, on September 19, 1908, that he declined to accept the paper and that he placed the same at the disposition of plaintiff and would ship it "wherever you may designate, upon payment of the freight charges paid of $114 and cartage charges of $15.00." Defendant also notified the plaintiff that unless the latter provided for the removal of the paper "on or before October 9th, 1908," the defendant would expose the paper to public sale to the highest bidder on Saturday, October 10, 1908, and sell it for the freight and storage charges accrued thereon, "for the benefit of whom it may concern." The plaintiff declined to pay the defendant the amount which the latter had paid for freight upon the paper and for the storage charges, and the defendant thereupon, on October 9, 1908, sold the paper at public auction for $700. The affidavit avers that the plaintiff paid for advertising this sale $12.58, for auctioneer's charges $10.00, and he makes a charge of $25.00 for storage, which added to the $114 freight which he had paid aggregated the sum of $161.58, leaving a balance out of the fund realized from the sale at auction of $538.42, which sum the defendant averred he had paid to a third party, as a trustee, who holds the same subject to any

claim which the plaintiff may have. The court below held the affidavit of defense to be insufficient and directed that judgment be entered for the plaintiff. The defendant appeals.

" A vendee who receives a thing into his possession, before he has become acquainted with its quality, has, if dissatisfied, but one of two courses to pursue; either to retain it and claim a deduction, or reject it and attempt to rescind the contract. In pursuing the latter, he has no contract to enforce. His game is to get rid of the bargain, by rejecting the vendor's performance or part of it. To this end it is necessary that he exercise no act of ownership, or give the property no direction but what is necessary to send it in specie to the vendor. He is not at liberty to destroy it by wantonly exposing it; but on the refusal of the vendor to take it away he might leave it at his door, giving notice of the fact. But he might not send it to auction, because the necessities of the case would not require it:" Buffington v. Quantin, 17 Pa. 310. The affidavit in the present case does not aver any facts which could be held to establish that it was necessary to pursue the course with regard to the goods which the defendant elected to take; that is, sell them at public auction. There was no necessity for the sale and he had no right to so dispose of them. He placed himself in a position where it was no longer in his power to offer to return the goods and rescind the contract. The alleged offer of the defendant to ship the goods to whatever point the plaintiff might designate was accompanied by a condition which he had no right to impose. He had paid the railroad company freight to the amount of $114 and it had cost him $15.00 for cartage to remove the goods from the freight station to his warehouse, but for these expenditures he had no lien upon the goods. The contract had required him to pay the freight on the property from Ausable Chasm to Lancaster, and this he had done, but this did not subrogate him to the right of the carrier to assert a lien for the amount of the freight. His claim for the

amount, if any just claim he had, was against the plaintiff personally and not against these goods. In order to assert a rescission of the contract, he was required to place the goods at the disposition of the plaintiff absolutely, and without qualification. He could not rescind the contract and at the same time assert dominion over the goods. Having retained the goods and sold them, when there was no necessity for such sale, he cannot assert a rescission of the contract. The defendant was, therefore, legally liable to pay for the goods, at the contract price, unless the facts were such as to entitle him to a deduction for defects in the paper or a difference in quality which rendered it of less market value than what the contract called for, for there is no question that it was all right as to quantity. The affidavit cannot be held to aver a defense sufficient as to any part of the plaintiff's claim. If the paper which defendant received was of less value than what he had contracted for the affidavit should not only have specifically averred that fact, but it should have stated how much less. This affidavit does not state whether the goods received were actually worth more or less than the goods which the contract specified.

The judgment is affirmed.