# Renick & Brand, Appellants, *v.* Aronoff and Naineark.

*Contracts—Sales by sample—Warranty—Breach of warranty— Affidavit of defense.*

In an action for the purchase price of a quantity of merchandise, an affidavit of defense is sufficient, which avers that certain of the goods did not correspond with the sample from which they were sold and for that reason were returned to the plaintiff.

In such case, a delay of two months in returning the goods was not unreasonable, when the consignment of the particular goods was mixed with property of a different description, not included in the contract.

In such circumstances, the time intervening between the receipt of merchandise and its return was not an unreasonable period for the defendant to inspect them and ascertain whether or not they were up to the standard of the contract. The question of the reasonableness of the time should be regarded as a mixed question of law and fact, under the circumstances and is, therefore, for the jury.

Argued December 16, 1920.  Appeal, No. 331, Oct. T., 1920, by plaintiffs, from judgment of C. P. No. 2, Phila. County, June T., 1920, No. 6653, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Isaac Renick and Raphael Brand, trading as the Perfect Undergarment Company, v. Samuel Aronoff, and Benjamin Naineark, trading as Anco Manufacturing Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Assumpsit on book account.  Before BARRATT, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.  Plaintiffs appealed.

206, (1921).] Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*Alvin L. Levi,* and with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellants.—What is a reasonable time within which to exercise the right of rescission is a question of law to be determined by the court: Moneyweight Scale Co. v. Woodward, 29 Pa. Superior Ct. 142; Zellar v. Haupt, 41 Pa. Superior Ct. 647; Elzea v. Brown, 59 Pa. Superior Ct. 403.

The affidavit was insufficient: Wanner v. Emanuel's Church, 174 Pa. 466; Swartz v. Historical Publishing Company, 55 Pa. Superior Ct. 407; McGowan v. Boney, 74 Pa. Superior Ct. 123; Tete Bros. v. Eshler, 11 Pa. Superior Ct. 225; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339; Levy & Koplin v. Queen Co., 73 Pa. Superior Ct. 425.

*David N. Feldman,* for appellee.

OPINION BY HENDERSON, J., March 5, 1921:

The defense presented to the plaintiffs' action was that the merchandise contracted for was to correspond with the sample shown, that the defendants relied on the statements of the plaintiffs that the goods would correspond therewith, and that the goods delivered were of an inferior quality different from what was ordered and of material "like chamois and dusting cloth, and not good muslin," except as to the quantity set forth in an exhibit attached to the affidavit, having a value of $97, the contract price. It was also averred that plaintiffs delivered a fractional part of the order and that the balance was sent mixed with goods of a different description and not included in the merchandise sold by plaintiffs to defendants. The remainder of the bill was returned to the plaintiffs as unsuitable and not according to the contract. The plaintiffs' invoice was dated at New York, March 9, 1920. The merchandise returned was delivered to the carrier, May 5, 1920. The defend-

ants were unable to state with preciseness the quantity of merchandise returned to plaintiffs, because a fire occurred in their place of business, which destroyed their records, but they believed to the best of their knowledge that the items specified in exhibit "A" attached to the affidavit were the goods retained. They asserted positively that the articles retained by them were of the value of $97. The sale having been made by sample, there was an implied warranty of the correspondence in quality of the goods delivered with the sample exhibited, and the buyer was entitled to a reasonable opportunity to make the necessary comparison, and where, as in this case as the defendants allege, the delivery was of the particular goods mixed with goods of a different description not included in the contract, the buyer could accept the goods which corresponded with the contract and reject the rest. In view of the averment of the loss of papers by fire, we think the affidavit is sufficient, especially so when regard is had to the averment that the plaintiffs received the returned goods and have knowledge of the quantity so returned.

We are not disposed to hold that the time intervening between the receipt of the merchandise and its return was an unreasonable period in which to inspect them and ascertain whether they were up to the standard of the contract. Making due allowance for the time probably consumed in the shipment from New York to Philadelphia in the spring of 1920, the period is not so long as to require us to say the delay fixed the defendants for the bill. It was a fact of which we may take notice that in that period transportation was attended with much delay, and a considerable time may have been consumed. The question of the reasonableness of time should be regarded as a mixed question of law and fact under the circumstances and is therefore for the jury: Portland Ice Company v. Connor, 32 Pa. Superior Ct. 428. Regard being had to the extent of the defendants' business and the actual time between receipt

of the merchandise in Philadelphia and its return, we concur with the learned judge of the court below in refusing judgment for want of a sufficient affidavit of defense, as to the balance of the account.

The judgment is affirmed.