## Lonker & Stevens *v.* Cohen, Appellant.

*Contracts—Sale—Rescission—Return of goods.*

One who purchases goods from samples is not bound to accept them if, upon their receipt, they do not correspond with the sample; but, to avoid the obligation of the contract, it is his duty to reëstablish the status quo by returning the property to the vendor. Where, having an opportunity for examination, the buyer retained and sold a portion of the merchandise, he was not at liberty to return the balance. If the buyer desires to rescind, he cannot retain a part and return a part, nor is he permitted to exercise acts of ownership or control over the property, except as may be necessary to put it in the way of return.

Argued November 14, 1921. Appeal, No. 119, Oct. T., 1921, by defendant, from order of C. P. Lancaster Co., Feb. T., 1921, No. 72, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of Lonker & Stevens v. A. B. Cohen. Before ORLADY,

P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit for goods sold and delivered.    Before LANDIS, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the judgment of the court.

*B. F. Davis,* for appellant.—In executory contracts for the sale of personalty, there is an implied warranty that the goods shall be of the kind ordered.   The purchaser may refuse to accept goods not in compliance with the contract: Dailey v. Green, 15 Pa. 118; Fogel v. Brubaker, 122 Pa. 7.

A purchaser may reject goods not conforming to the contract, and accept the rest: Cohen v. Pemberton, 2 Atlantic Reports 315; Holmes v. Gregg, 28 Atlantic Reports 17.

*L. R. Geisenberger,* for appellee.—A vendee who is dissatisfied with a part of a quantity of goods purchased, may either retain all and claim a reduction, or return all, but he cannot, unless his contract specifically so provides, return only those alleged by him to be inferior to sample, and retain the rest: Estes v. Kauffman, 44 Pa. Superior Ct. 117.

OPINION BY HENDERSON, J., December 12, 1921:

The plaintiffs' action is for the balance of the price contracted to be paid for merchandise sold by the plaintiffs to the defendant.   The subject of the contract was clothing.   The defendant received the goods and retained

a part thereof; the balance he shipped to the plaintiffs, and refused payment therefor on the allegation that they were not of the quality nor according to the sample on which the sale was based.

The question presented arises on a rule for judgment for want of a sufficient affidavit of defense. When the merchandise was received by the defendant, he had the election, after an inspection of it, to retain it or return it to the vendors, and undertake to rescind the contract. It was not his privilege, however, to affirm in part and rescind in part. If the clothing did not correspond with the sample, the defendant was not bound to accept it, but in order to avoid the obligation of the contract, it was his duty to reëstablish the status quo by returning the property to the vendors. Where having an opportunity for examination, he retained and sold a portion of the merchandise, he was not at liberty to return the balance. If it were otherwise, the vendee might select the best of the property bought and return that which in his opinion was of an inferior quality without an opportunity on the part of the vendors to make themselves whole. If his desire is to rescind, he is not permitted to exercise acts of ownership over the property, nor to control it except as may be necessary to put it in the way of return to the sellers. Redress by the rescission of the contract is entirely different from that by abatement of the price. The latter rests on the contract; the former on a disavowal of it.

If it be alleged that the goods delivered did not conform to the standard established by the contract, the vendee may prove this fact in abatement of the contract price, because the consideration has failed to the extent of the difference in value between the thing delivered and that which was contracted for. But the appellant here did not avail himself of either of the methods allowed him. He neither returned the consignment and undertook to annul the contract, nor did he retain the shipment and seek to show the difference in value between what he

received and what he ought to have received.    The law applicable to the case may be found in Buffington v. Quantin, 17 Pa. 310; Estes v. Kauffman, 44 Pa. Superior Ct. 114, and Elzea v. Brown, 59 Pa. Superior Ct. 403. The latter case arose out of the sale of a quantity of eggs delivered to the vendee, a part of which were afterwards returned to the vendor on the allegation that they were not of the quality contracted for, and is, therefore, based on a similar state of facts.    Other cases might be cited, but the foregoing fully support the conclusion of the court below.

The judgment is affirmed.