# Cohn *v.* Post, Appellant.

*Judgments—Rule to set aside—Discretion of the court—Service by mail—Rules of court.*

The rules of the Municipal Court of Philadelphia require that a rule for judgment for want of a sufficient affidavit of defense shall be entered within five days after the service of a copy of the affidavit. The record showed that the affidavit of defense was filed on the 9th of September, and a copy mailed the same day to plaintiff's attorney. Rule for judgment was then entered on the 16th, in violation of the rule of court. The court below made the rule absolute, and subsequently discharged a rule to set aside the judgment, without a statement of its reasons for so doing.

*Held:* In such a case, where the record does not show that any right of the defendant was affected, or that the court abused its discretion, the Superior Court will affirm the action of the court below.

The lower court is usually the best interpreter of its own rules.

Proof that a copy of the affidavit of defense was mailed on the 9th day of the month gives no definite information as to when it was received. Service by mail is not personal service.

*Practice, C. P.—Affidavit of defense—Sufficiency—Sale of goods —Return of part.*

In an action to recover the price of three shipments of dresses, judgment for want of a sufficient affidavit of defense was properly allowed where it was admitted that there was a balance due, but credit was claimed for four dresses returned because they were mussed and soiled, and appeared to have been tried on by a large number of persons.

Where a number of dresses are bought on contract without warranty, and without reference to sample, on inspection of the goods, the contract is one which must be accepted or rejected in its entirety.

Elzea v. Brown, 59 Pa. Superior Ct. 403, followed.
Renick & Brand v. Aronoff & Naineark, 76 Pa. Superior Ct. 206, distinguished.

Argued December 12, 1921. Appeal, No. 275, Oct. T., 1921, by defendant, from judgment of the Municipal Court of Philadelphia, Aug. T., 1921, No. 799, making absolute rule for judgment for want of a sufficient affidavit of defense, and discharging rule to set aside judgment, in the case of Ben Cohn v. Estelle Post. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of sufficient affidavit of defense and rule to set aside judgment.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense, and discharged the rule to set aside the judgment. Defendant appealed.

*Errors assigned* were the judgment, and the action of the court in refusing to set aside the judgment.

*Joseph L. Ehrenreich,* and with him *I. Emanuel Sauder,* for appellant.—Where a sale is not a sale in bulk, the defendant has the right to select such articles as are in accordance with the order, and reject others which do not measure up to the standard: Union Dress Co. v. Kline Bros., 27 District Reports 670.

A rule, granted on a motion made in violation of rules of court, will be stricken off: National Cash Register Co. v. Salawiff, 16 Schuylkill 136.

*Albert S. Longbottom,* and with him *Robert J. Byron* and *G. Lawrence Pape,* for appellee.—If a buyer retains a portion of merchandise from any or all of several shipments, he is bound to pay for all. He must retain all, or return all: Elk Textile Co. v. Cohen, 75 Pa. Superior Ct. 478; Elzea v. Brown, 59 Pa. Superior Ct. 403.

If a rule of court relates wholly to proceedings in the course of trial, its construction will be left largely to the discretion of the trial judge: Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290.

OPINION BY TREXLER, J., March 3, 1922:

The first question presented is, Was the judgment improperly entered? Rule 14, section E, municipal court, provides, "Rules for more specific statements, for judgments for want of sufficient affidavit of defense, and all interlocutory motions and rules shall be filed within five days after the service of the particular pleadings to which objection is made." Defendant's affidavit of defense was filed September 9, 1921, and a copy was mailed to the plaintiff's attorney on the same day, the hour of the mailing not being given. This was on a Friday; the following Monday, September 12th, the plaintiff's attorney acknowledged receipt of the copy and on September 16th, entered a rule of judgment for want of sufficient affidavit of defense. The court made the rule absolute September 26, 1921. It will be observed that more than five days elapsed from the mailing of the

notice until the day the rule was entered. September 28th the defendant presented a petition, averring a violation of the above rule and asking the court to strike off the judgment. The court subsequently discharged the rule. From an examination of the record, we cannot ascertain why the court took this action, but we presume that it was for sufficient reasons. Service made by mail September 9th was not personal service. Service by mail may save a lot of trouble and expense, but mailing a letter on September 9th gives us no definite information as to when the letter was actually received by the person upon whom personal service should have been made. The lower court is usually the best interpreter of its rules. On the record as presented it appears that no right of the defendant was affected by the action of the court. As the record is presented to us, we cannot say the court abused its discretion in refusing to set aside the judgment.

The court held the affidavit filed to have been insufficient. The statement sets out by dates and items and prices, three shipments of dresses, containing respectively six, three and three dresses, the price for the entire shipment being $367, with credit allowed for samples returned. The defendant admits the purchase, admits a sum due, but claims a credit for $174 for four dresses returned, which were not perfect and salable for the reason that they were mussed and soiled and appeared as though they had been tried on by a large number of persons prior to shipment. The particular dresses returned are not indicated, nor in what shipment or shipments the dresses were included. No warranty is alleged on the sale of the dresses, nor is a sale by sample set forth. It is alleged that the goods were to be perfect and salable, but the affidavit is framed more as expressing a conclusion of the defendant. Where and by whom the bargain for the goods was made and whether the defendant saw the dresses or had opportunity to see them is not disclosed. The appellant relies on the 69th section, Sales Act

of 1915, P. L. 543, which provides where there is a breach of warranty by the seller, the buyer may at his election rescind the contract for the sale and if the goods have already been received, return them or offer to return them to the seller. This rule does not affect this case. The theory, no doubt, upon which the court entered judgment was that it was the buyer's duty, either to accept the merchandise as received in each shipment, or return the shipment. It has been held a number of times that a contract of this kind must either be accepted entirely or rejected entirely. The defendant has alleged no facts which would place this case outside of this principle. Elza v. Brown, 59 Pa. Superior Ct. 403, and cases there cited. Renick & Brand v. Aronoff & Naineark, 76 Pa. Superior Ct. 206, is readily distinguishable from the present case for in that case the plaintiffs delivered a fractional part of the order and the balance sent was mixed with goods of a different description, not included in the merchandise sold. The court held that if a delivery was made of the particular goods sold mixed with different goods not included in the order, the buyer could accept the goods which corresponded with the contract and reject the rest not covered by it.

The assignments of error are overruled and judgment is affirmed.