# Miner-Hillard Milling Co. *v.* Rosato, Appellant.

*Sales—Contracts—Rescission—Return of goods—Corporations—Agents—Authority—Practice C. P.—Affidavits of defense—Sufficiency.*

In an action to recover the price of various kinds of merchandise, where the affidavit of defense averred that a large part of the goods were damaged and of no value, for which reason a deduction from the amount sued for was claimed, according to an attached schedule of the extent of damage, the case is within the rule that where merchandise is delivered, which is not of the quality warranted, the vendee may reject the consignment, thereby rescinding the contract, or may retain and seek to reduce the price by proving the inferior quality of the goods.

The defendant may not, in such case, rescind the contract and, at the same time, exercise dominion over the property. In rescinding the contract it is necessary that the merchandise be placed at the disposal of the plaintiff absolutely and without qualification.

An affidavit of defense which seeks to establish acquiescence in such a rescission, on the part of a corporate plaintiff, by an allegation that the "plaintiff's representatives" informed the defendant that the plaintiff's truck would remove the damaged goods, and that credit would be allowed therefor, is insufficient as being too indefinite.

To bind a corporation on a promise of a "representative" the identity and authority of the agent should be set forth.

Argued March 7, 1923. Appeal, No. 26, March T., 1923, by defendant, from judgment of C. P. Lackawanna County, Oct. T., 1920, No. 216, for plaintiff for want of a sufficient affidavit of defense, in the case of Miner-Hillard Milling Company v. Michael Rosato. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover price of merchandise sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense. Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense and entered judgment for plaintiff in the sum of $283.57. Defendant appealed.

*Error assigned* was the judgment of the court.

*H. W. Mumford,* for appellant.

*V. D. Rose,* of *Jessup, Gunster & Rose,* for appellee.

OPINION BY HENDERSON, J., April 30, 1923:

The plaintiff is a corporation engaged in the sale of grain, stock feed, flour, etc. It sold to the defendant from time to time merchandise of different kinds. In an action brought to recover the price an affidavit of defense was filed wherein it was averred "that of the goods and merchandise delivered to me by the plaintiff between the dates of the fourth day of August and the seventeenth day of September, 1915, as set forth in plaintiff's statement, a large quantity thereof was wet, moldy, decayed, damaged, spoiled and of no value to me at the time that the same was delivered to me." A deduction was therefore claimed for the several amounts of the grain, etc., alleged to have been damaged as itemized in the exhibit attached to the affidavit. On a rule for judgment, the affidavit was adjudged insufficient. It is not controverted that a part of each delivery was unobjectionable, and it is admitted that no part of the property was returned to the vendor. The case is within the rule therefore that where merchandise is delivered which is not of the quality expressly or impliedly warranted, the vendee may reject the consignment thereby rescinding the contract, or may retain and seek to reduce the price by proving the inferior quality of the goods: Elzea v. Brown, 59 Pa. Superior Ct. 403; Elk Textile Co. v.

Cohn, 75 Pa. Superior Ct. 478; Cohn v. Post, 78 Pa. Superior Ct. 409. He could not rescind the contract and at the same time exercise dominion over the property. In rescinding the contract, it is necessary that the merchandise be placed at the disposal of the plaintiff absolutely and without qualification. It is of the essence of rescission of the contract that the party rescinding restore or offer to restore that which he has received under the contract in order that the other party may be put in statu quo as far as possible. The application of this rule is not controverted by the appellant, but it is contended that he was relieved from compliance therewith because as alleged he reported to "plaintiff's agents" the condition in which the merchandise had been delivered to him; that he offered to return the quantity of oats, corn, feed, etc., which he found was spoiled, wet, decayed and damaged, and of no use to him, but that the "plaintiff's representatives" informed him that plaintiff's own truck would call for the damaged merchandise, and that his account would be properly credited with the value of merchandise which he had reported as damaged. The transaction thus pleaded constituted a contract according to the appellant's contention which was broken by the failure of the plaintiff to call for the merchandise, and thereby an estoppel was effected which precludes the plaintiff from recovering the price thereof. The first answer to this contention is that the averment is too indefinite to be available as a defense. The plaintiff is a corporation—it necessarily acts through agents. Its employees presumably are connected with different branches of its business—one may be a teamster; another a miller; another a bookkeeper; another a salesman. They are not presumed to be all invested with the same duties and authority. Where it is proposed to make a corporation responsible for the acts of its agents in avoidance of a contract obligation, it is reasonable that such agent or agents should be identified and that authority be shown to perform the act on which the person sought

to be charged relies as a defense. The most that the defendant is able to say on the subject is that "plaintiff's representatives informed me that plaintiff's own truck would call for the damaged merchandise and that my account would be properly credited." Who the particular representatives were; what their relation to the business, was; what authority they may have had, is not stated. To bind a corporation on a promise of a "representative" the identity and authority of the agent should be set forth: Folsom Real Estate Co. v. Esmark, 38 Pa. Superior Ct. 580; Heyser Lumber Co. v. Whiting Lumber Co., 62 Pa. Superior Ct. 76. It is further to be noted with respect to the defective quality of the merchandise that the affidavit does not set forth that after inspection of the property notice was given within a reasonable time of its defective quality. If such investigation were made and notice given, the fact should be stated in the affidavit: Wright v. General Carbonic Co., 271 Pa. 332. In any view of the subject the affidavit does not come up to the standard established by our decisions.

The judgment is affirmed and the appeal dismissed.