## Breen, Appellant, *v.* Bowers.

*Sales—Automobiles—Breach of warranty—Rescission—Acts of ownership.*

A purchaser of an automobile, who claims that the machine was not as represented and announces that he intends to rescind the contract of sale, cannot continue to use the car and exercise rights of ownership over it.

A vendee who received a thing into his possession, before he has become acquainted with its quality, has, if dissatisfied, but one of two courses to pursue; either to retain it and claim a deduction, or reject it and attempt to rescind the contract. If he rescinds the contract he is not permitted to exercise acts of ownership over the property, nor to control it except as may be necessary to put it in the way to return to vendor.

Argued December 10, 1923.  Appeal. No. 319, Oct. T., 1923, by plaintiff, from judgment of C. P. Phila. Co., June T., 1920, No. 6899, in favor of defendant non obstante veredicto in the case of James J. Breen v. Lee S. Bowers and Charles S. Bowers, a copartnership trading as L. S. Bowers Co.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Assumpsit for breach of contract.  Before STERN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,102.26.  Subsequently the court, on motion, entered judgment in favor of defendant non obstante veredicto.  Plaintiff appealed.

*Error assigned* was the decree of the court.

*James F. Breen,* and with him *C. James Todaro,* and *William T. Connor,* for appellant.—The attempted use of the car by the plaintiff cannot be construed as implying an intention on his part to abide by or affirm the contract of purchase: Estes v. Kauffman, 44 Pa. Superior

Ct. 114; Elzea v. Brown, 59 Pa. Superior Ct. 403; Luella Co. v. Gano, 61 Pa. Superior Ct. 37; Lonker & Stephens v. Cohen, 78 Pa. Superior Ct. 73; Portland Ice Company v. Connor, 32 Pa. Superior Ct. 428; Ruth-Hastings Glass Tube Company v. Slattery, 266 Pa. 288; Renick & Brand v. Aronoff & Naineark, 76 Pa. Superior Ct. 206.

*Albert L. Moise,* for appellee.—The plaintiff's attempt to rescind was too late: Commercial Car Co. v. Murphy, 275 Pa. 105; Muehlhof v. Boltz, 215 Pa. 124; Corporation Funding & Finance Co. v. Stoffregen, 264 Pa. 215; Houston v. Cook, 153 Pa. 43.

The plaintiff's continued operation of the car barred his right to rescind: Pearsoll v. Chapin, 44 Pa. 9, Negley v. Lindsay, 67 Pa. 217; Morrow v. Rees, 69 Pa. 368; Buffington v. Quantin, 17 Pa. 310.

OPINION BY TREXLER, J., February 29, 1924:

The plaintiff bought of the defendants on May 21, 1920, under a written contract a Cole automobile. The car was delivered May 24, 1920. After he had bought the car the plaintiff left upon a trip west, returning July 3, 1920, but in the meanwhile the car was left with a sister, who used it. The plaintiff upon his return, by letter dated July 7, 1920, rescinded the contract and tendered the car to the defendants. The actual tender was made July 30, 1920, when the car was taken to the place of business of the defendants, who refused to receive it, and on August 14th it was permanently stored in a garage. For three months from May to August 14th the plaintiff and his sister used the car. He alleges that his purpose was to try to find out what the trouble was and to ascertain whether he could use it. We pass the question whether the plaintiff notified the defendants within a reasonable time of his intention to rescind, (McEvoy v. Samuels, 277 Pa. 370; Commercial Car Co.

v. Murphy, 275 Pa. 105; section 69, Act of May 19, 1915,
P. L. 543).

The lower court points out that an analysis of the
testimony clearly shows that the plaintiff used the car
over a thousand miles, "practically all of which opera-
tion must have been after the tender on July 7th and at
least some of which was in the two weeks between July
30th and August 14th." This statement is challenged by
the plaintiff and as it is important to the decision of the
case, we will support it by quoting plaintiff's testimony.
After stating that he had put the car in the garage on
August 14th, the court questioned him as follows: Q.
"Why did you keep on using the car?" A. "I used it off
and on......to find out what the trouble was and find
out if I could use it." Q. "The $33 you paid to the Fern-
wood garage was your garage charge while you were
using the car, was it?" A. "It was the garage charge
for, I think, three months." Q. "You were using the car
during that time?" A. "My sister was using it part of
the time and I was. Then is when I had this experi-
ence with the car." Q. "You took the car away and
finally put it in the S. O. S. garage on the 14th of Au-
gust?" A. "Yes, sir." Q. "You happen to know what
mileage you went during the three months before you
put it in storage?" A. "1183 or 1186 miles when I fi-
nally put it in the S. O. S. garage."

The only consistent position the plaintiff could take
after rescission was that the contract was gone and he
had no duty to perform in regard to the car except such
as was required for the protection of the property of an-
other while in plaintiff's possession. When he found the
machine was not as represented, he could restore it to the
seller thus getting rid of his bargain and placing himself
in a position to recover the amount paid as consider-
ation; the parties would then be restored to the status as
if the contract had never existed, or he could retain the
chattel and recover the difference between the price paid
and its actual value. When he rescinded, he parted with

any interest in the chattel. He alleged he would not keep the chattel, because it was not as represented. His dominion over the property ceased: Miner-Hillard M. Co. v. Rosato, 81 Pa. Superior Ct. 94. Unfortunately for the plaintiff he used the car after rescission and thus put himself in the anomalous position of denying ownership, and at the same time exercising the rights attendant upon ownership. "A vendee who receives a thing into his possession, before he has become acquainted with its quality, has, if dissatisfied, but one of two courses to pursue; either to retain it and claim a deduction, or reject it and attempt to rescind the contract. In pursuing the latter, he has no contract to enforce. His game is to get rid of the bargain, by rejecting the vendor's performance or part of it. To this end it is necessary that he exercise no act of ownership, or give the property no direction but what is necessary to send it in specie to the vendor": Buffington v. Quantin, 17 Pa. 310; Estes v. Kauffman, 44 Pa. Superior Ct. 114; Elzea v. Brown, 59 Pa. Superior Ct. 403. To the same effect is Lonker & Stevens v. Cohen, 78 Pa. Superior Ct. 73, 75, where it is stated: "If his (the plaintiff's) desire is to rescind, he is not permitted to exercise acts of ownership over the property, nor to control it except as may be necessary to put it in the way of return to the sellers. Redress by the rescission of the contract is entirely different from that by abatement of the price. The latter rests on the contract, the former on a disavowal of it." We conclude with these words taken from the opinion of the lower court: "It seems clear, therefore, that at least after the tender of July 30, 1920, the plaintiff waived his right to insist upon a rescission by again asserting dominion over the automobile in operating it for a period of two weeks. This action on his part did not deprive him of the right to recover damages by way of an action in deceit or otherwise, but it did, under the authorities take away his right to stand on the doctrine of rescission and therefore to recover in the present suit."

The judgment of the lower court is affirmed.